## LUMBERMEN'S RECIPROCAL ASS'N v. WELLS. (No. 3420.)

Court of Civil Appeals of Texas. Texarkana. July 22, 1927.

Rehearing Denied Sept. 8, 1927.

**1. Master and servant ⬤⟶367—Boiler repairer specially employed by basket factory held "employee," within Workmen's Compensation Law, and not independent contractor, notwithstanding he used own tools (Rev. St. 1925, art. 8309).**

Boiler repairer specially employed by basket factory to repair boilers, who was fully instructed as to particular repairs he was to make, was furnished help and material needed, and whose work was supervised by the factory's superintendent, *held* "employee," within Workmen's Compensation Law (Rev. St. 1925, art. 8309), and not an independent contractor, notwithstanding he used his own tools.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employee.]

**2. Master and servant ⬤⟶361—Boiler repairer employed by basket factory held "employee," since repairing its machinery is within usual course of business of manufacturing corporation (Workmen's Compensation Law [Rev. St. 1925, art. 8309]).**

Boiler repairer employed by basket factory to repair boilers *held* employee, within Workmen's Compensation Law (Rev. St. 1925, art. 8309), excluding from the definition of the word "employee" one whose employment was not in the usual course of business of his employer, since repairing its machinery is within the usual course of business of a manufacturing concern.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Suit by the Lumbermen's Reciprocal Association, insurer, against J. R. Wells, employee,

to set aside a decision of the Industrial Accident Board, awarding compensation for injury received while he was employed by the Texas Crate & Basket Factory. Judgment for the employee, and the insurer appeals. Affirmed.

This was a suit by the appellant association (the insurer) to set aside a decision of the Industrial Accident Board awarding appellee, Wells, sums aggregating $2,662.80 as compensation for personal injury he suffered in the course of his employment as an employee of the Texas Crate & Basket Factory, a corporation under the laws of Texas and a "subscriber" within the meaning of the Workmen's Compensation Law. Articles 8306 to 8309, R. S. 1925.

It appeared from the testimony that appellee was a boiler maker and "general repair man." He lived at Marshall and was employed to go to Rusk and repair defects discovered by an inspector in boilers used by the basket factory in its manufacturing plant at the place last named. When appellee reached the plant one Sherrod, superintendent of the basket factory, showed him the work to be done, saying he "wanted this done and that done," and turned the inspector's report as to the repairs needed on the boilers over to him. Appellee then proceeded to do the work and at the time he was injured had been engaged in it three or four weeks. Such help and material as he needed in making the repairs were furnished to him by the basket factory. No one instructed him how to do the work, but Sherrod testified he (Sherrod) supervised it. Appellee owned the tools he used in making the repairs. He was paid by the day, but "kept his own time," while other employees of the basket factory used a time clock provided for the purpose in registering the time when they commenced and ceased to work. Appellee had repaired one of two boilers used by the basket factory, and was under same adjusting an iron bar when a water tank falling from the top of a high tower hit the boiler, knocking it down, pinioning and breaking his legs.

The trial court being of the opinion it conclusively appeared from the evidence that appellee was an "employee" of the basket factory, and that the injuries he received totally incapacitated him for work from May 27, 1924, the time he received same, to April 2, 1925, the date of said award, and that he was entitled to receive $20 a week of appellant during that time and had received all but $333.35 thereof, and the jury having found on special issues submitted to them that such injuries were received by appellee in the course of his employment, and that same permanently destroyed 75 per cent. of his capacity to work, judgment was rendered in his favor for said $333.35 and for $15 a week for

---

300 weeks beginning said April 2, 1925. The appellant was dissatisfied with the judgment, and prosecuted this appeal.

Bibb & Caven. of Marshall, for appellant.

Jones & Jones, of Marshall, and W. T. Norman, of Rusk, for appellee.

WILLSON, C. J. (after stating the facts as above). The contentions presented in appellant's brief are: (1) That it conclusively appeared from the 'evidence that appellee's relationship to the work he was doing was that of an "independent contractor"; (2) that, if it did not so appear that such was his relationship to the work, it did conclusively appear that he was not an "employee" of the basket factory within the meaning of the Workmen's Compensation Law; (3) that, if it did not conclusively appear that appellee was an independent contractor and not an employee of the basket factory, the evidence presented an issue as to whether he was the one or the other which should have been submitted to the jury.

[1] Appellant cites Shannon v. Western Indemnity Company (Tex. Com. App.) 257 S. W. 522, as authority supporting its contention that it appeared appellee was an independent contractor. But we think the material facts of that case are like the facts of this one only, in that there Shannon owned the tools with which he did the work, as appellee did the tools he used in repairing the boilers. It appeared without dispute in the testimony in this case that, while appellee was not instructed *how* to do the work, he was fully instructed as to the particular repairs he was to make and was furnished the help and material he needed in making same. Moreover, Sherrod, the basket factory's superintendent, testified, and his testimony was not contradicted, that he supervised the work appellee did.

The second one of the three contentions stated is based on the definition of the word "employee" in the law referred to. That definition (article 8309, R. S. 1925) does not include "one whose employment is not in the usual course of trade, business, profession or occupation of his employer." It is insisted that the testimony did not show that appellee's employment was in the usual course of the basket factory's business, but showed to the contrary. Oilmen's Reciprocal Ass'n v. Gilliland (Tex. Com. App.) 291 S. W. 197, is cited as supporting the contention. In that case it appeared that the employer company was engaged in operating a laundry with an inadequate water supply, and had sunk additional wells, necessitating the installation of a more powerful pumping equipment. For that purpose it had dug a pit near the new wells, which Gilliland and other bricklayers were engaged, when injured, in lining with brick to prevent the walls thereof from caving in. The Commission of Appeals held that walling up the pit was not in the usual course of the laundry company's business, and therefore that Gilliland was not an employee of that company within the meaning of the Workmen's Compensation Law.

[2] A difference between that case and this one lies in the fact that in that one Gilliland was employed to assist in the construction of an addition to the laundry company's plant, while in this one appellee was employed to repair parts of the basket factory's plant which were indispensable to its operation. Certainly keeping machinery it uses in repair is within the "usual course of business" of a manufacturing concern. It could not very well carry on its business without doing that. In many instances repairs necessary are simple and can be and are made by operatives of machines used. It would be unreasonable, it seems to us, to say that such an operative while engaged in repairing a machine he was using ceased to be employed in the "usual course" of his employer's business. And yet we see no reason why that should not be said if it is true that repairing machinery of a manufacturing plant is not in the "usual course" of business of such a concern.

It follows from the conclusion reached that the two contentions first stated should be overruled that we think there is no merit in the third one.

The judgment is affirmed.