## WELLS v. LUMBERMEN'S RECIPROCAL ASS'N. (No. 914-4989.)

Commission of Appeals of Texas, Section B. May 16, 1928.

**1. Master and servant ⬤⟼362—Employee, specially engaged to make general repairs to boiler of manufacturing plant, held entitled to compensation for injury (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

Employee, specially engaged to make general repairs to boiler used in operating manufacturing plant at time of injury, *held* entitled to compensation under Workmen's Compensation Act (Vernon's Ann. St. 1925, arts. 8306–8309); such repairs being essential to efficient, economical operation of existing business, and hence within usual course of business.

**2. Courts ⬤⟼92 — Unnecessary expressions seemingly approving reported decision not in point on the facts are dicta.**

Expressions of the opinion unnecessary to a decision seemingly approving the reported decision of another case dissimilar as to facts are dicta.

**3. Master and servant ⬤⟼362—Employee, injured in usual course of business, is entitled to compensation, though employment was casual (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

Employee, injured in usual course of trade or business, is entitled to compensation under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), even though his employment was casual.

**4. Master and servant ⬤⟼362—Character of work, not contract of employment, determines whether employee is engaged in usual course of business (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

It is character of work being done, not contract of employment, that determines whether

employee is engaged in usual course of business within Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by J. R. Wells against the Lumbermen's Reciprocal Association. A judgment for plaintiff was reversed, and a judgment rendered for defendant by the Court of Civil Appeals on rehearing (1 ,S.W.[2d] 945), and plaintiff brings error. Reversed, and the judgment of the district court affirmed.

S. P. Jones and Franklin Jones, both of Marshall, and W. T. Norman, of Rusk, for plaintiff in error.

Bibb & Caven, of Marshall, for defendant in error.

LEDDY, J. Defendant in error issued a policy of insurance under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) to the Texas Crate & Basket Company, a corporation engaged in the manufacturing business. During the operation of the company's plant in 1924, due to ordinary wear, it had become necessary, in order to continue the efficient operation of the plant, that certain ,general repairs be made to the machinery, including heavy repairs to the two boilers which furnished the power to operate the plant. Plaintiff in error was employed by this company by the day to make these repairs; they being of such a nature as to require several weeks to complete them. Under the plan adopted, the factory was to continue in operation by ,using one boiler while plaintiff in error repaired the other, and in this way each of the boilers was to be repaired. He sustained serious and permanent injuries while engaged in repairing the first boiler, caused by a water tower falling on the boiler room in which he was working.

Plaintiff in error obtained judgment against the insurer in the district court, and, upon appeal, the judgment was affirmed (297 S. W. 884). A rehearing, however, was granted by the Court of Civil Appeals, and upon such rehearing the judgment of affirmance was set aside, and the judgment of the trial court reversed and rendered in favor of defendant in error (1 S.W.[2d] 945).

The honorable court of Civil Appeals in its original opinion distinguished the facts of this case from those involved in the case of Oil Men's Reciprocal Association v. Gilleland, 291 S. W. 197, decided by this commission, but on rehearing concluded that this case was decisive against a recovery by plaintiff in error.

[1] After a careful consideration of the question presented, we have concluded that the Court of Civil Appeals correctly decided the case in its original opinion, and that it

---

⬤⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was in error in holding on rehearing that our decision in the Gilleland Case was authority for denying a recovery in this case.

We think the facts in the Gilleland Case clearly differentiate it from the case at bar. In that case the employer was engaged in the laundry business. On account of the increased volume of business, it became necessary to enlarge its water plant and to install a larger and more powerful pumping equipment. For this purpose it caused an excavation to be made, and, to prevent the walls of the excavation from caving, it was necessary to line it with brick. The claimant was a bricklayer, and, at the time he was killed, had been employed by the laundry company with other workmen to build the brick wall. While engaged in doing this work, one side of the pit caved in, causing his immediate death.

It thus appears that the employee was engaged in performing work which was not essential and necessary to the operation of the existing laundry business. He was assisting in building an addition to the plant that would enlarge its facilities for doing the kind of business in which it was engaged. The company might have continued indefinitely to operate its laundry business without adding to or enlarging the capacity of its plant.

In the instant case, the employee was engaged in making general repairs to the machinery which was used in operating the plant; such repairs being essential and necessary to the efficient and economical operation of the existing business. The repairs were of such a nature as would inevitably be required in the ordinary and usual course of the operation of the plant. The company could not continue to operate its plant indefinitely unless these repairs were made. However substantial the machinery and equipment might have been, the corroding influence of time and necessary wear occasioned by use would bring about a necessity for general repairs to be made. Such repairs were therefore within the defendant in error's usual course of business. Caca v. Woodruff, 70 Ind. App. 93, 123 N. E. 120; Gross & Bros. v. Ind. Com. of Wisconsin, 167 Wis. 612, 167 N. W. 809; Utah Copper Co. v. Ind. Comm., 57 Utah, 118, 193 P. 24, 13 A. L. R. 1367; Boyle v. Mahoney, 92 Conn. 404, 103 A. 127.

[2] The honorable Court of Civil Appeals concluded that, because Presiding Judge Powell of this commission, in the course of the opinion in the Gilleland Case, quoted from the case of Callihan v. Montgomery, 272 Pa. 56, 115 A. 889, that the decision in that case was thereby approved. The only reference to the case, aside from the quotation made, was the statement made by Judge Powell that "this case is most interesting." In view of the fact that the Callihan Case involved a state of facts radically different from those in the Gilleland Case, it was not necessary to approve the holding therein made, and any seeming approval thereof was clearly dicta.

We are not willing to follow the rule announced in the Callihan Case, as it seems to us the holding made by the Supreme Court of Pennsylvania in that case as to when an employee is in the regular course of his employment in making repairs on machinery is not a proper construction of the definition of an employee as given by the Compensation Act. It would be extremely difficult to apply the rule laid down by that court in any particular case. It is stated that emergency repair work on a machine used in the operation of a plant can always be said to take place in the course of that business, as oil machinery some time or another is bound to need repairs, but it is held that, if such repairs are not made by a person regularly employed, it would be outside of the regular course of such business. Under such a construction of the act, if the company in this case had kept in its employ a general repairman, although the repairs were not sufficient to take all of his time, he would be in the usual course of the business in making such repairs, but, if they only called upon the same party to make the identical repairs when needed, such employment would be outside of the usual course of the business. We think this distinction is a hairsplitting one, and is not sustained by sound reason.

[3] The original Texas Workmen's Compensation Act provided that one whose employment was casual or not in the usual course of trade or business was not an employee. This act was amended in 1917 so as to eliminate the casual provision, so that at present, even though an employment is casual, if it is in the usual course of the trade or business, the employee is entitled to the beneficent provisions of the act. The Pennsylvania act (Pa. St. 1920, § 21916 et seq.), unlike the Texas act, requires the employment not to be casual, and the work must be performed in the regular course of the business. Had the word "casual" not been eliminated from the Texas act, it might be held that, under the facts of this case, the employment was casual, but this fact is not material, as the only question necessary to be determined is whether the repairs being made were in the usual course of the business of the employer.

We have no difficulty in arriving at the conclusion that general repairs to machinery made necessary by the use thereof in the operation of the business are made in the usual course of the business. Such repairs are vital, essential, and necessary, in order that the business may be properly conducted. It is of no consequence that they may be made occasionally and not at regular intervals. As certain as machinery is used, it will be necessary to make repairs thereto. In a large plant, general repairs would perhaps con-

sume sufficient time to justify the employment of a regular repairman who would give all of his time in looking after same. In a small plant, the general repairs required may be wholly insufficient to take up all of the time of an employee, but the man temporarily employed to make such repairs in such a case is as much in the usual course of the business as the employee whose entire time is taken up by such work. He is doing exactly the same character of work as the employee who devotes all of his time thereto, and no sound reason exists for not giving him the same protection against injury. Under the holding of the Pennsylvania courts, in the final analysis, the size and extent of the business would in many instances be the controlling element in determining whether an employee was injured in the usual course of the business.

[4] We think, under the definition of employee as given in the Workmen's Compensation Act, it is the character of the work being done, and not the contract of employment, that determines whether the employee is engaged in the usual course of the business. Tested by this standard, the plaintiff in error was an employee, injured in the usual course of the business, and entitled to compensation for his injuries.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.