## UNITED STATES CASUALTY CO. v. VANCE.

### No. 9742.

Court of Civil Appeals of Texas. San Antonio.

Feb. 12, 1936.

Rehearing Denied March 4, 1936.

Adams & Glass, of Harlingen, for appellant.

W. B. Lewis, of Harlingen, for appellee.

SMITH, Chief Justice.

In this workmen's compensation case M. H. Vance, an employee, recovered judgment for compensation for permanent total disability against the insurer, United States Casualty Company, which has appealed.

The cause was tried by the court without a jury. The court found, expressly or by implication, that on March 7, 1934, appellee was employed by Union Sulphur Company as a "roustabout" on a drilling operation in Hidalgo county, and on March 22, while engaged with others in lifting a heavy pipe, he felt a sudden "burning sensation" from his left kneecap downward to the ankle; that the sensation continued through the day, when he went to the company doctor, who examined him, pronounced the injury "serious," and directed him to quit work, which he did; that the injury rendered him incapable of doing that or similar work in the future, in short, that as a result of the injury he is totally and permanently disabled; that his average weekly wage was $25, and compensation was awarded him upon that basis, as provided in the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.).

Appellant attacks the judgment upon two grounds: First, that the injury was not compensable under the Compensation

466

Act; and, second, that the evidence did not support the finding upon the question of average wage according to the formula prescribed by the statute. Article 8309, R.S.1925, § 1, first subsecs. 1, 2, 3.

It is first contended that the injury is not compensable under the statute; that it was not an accidental injury, which is compensable, but an occupational disease, which is not compensable.

■ In article 8309, § 1, compensable injury is defined "to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

In order to render the act constitutional (Texas Employers' Ins. Ass'n v. Jackson (Tex.Com.App.) 265 S.W. 1027) the courts have read into the statutory "definition of 'injury' the element of accident," so that to render an injury compensable it must be shown to have been an accidental injury. Choate v. Hartford Acc. & Ind. Co. (Tex.Civ.App.) 54 S.W.(2d) 901, 902, and authorities cited.

■ But accidental injury, as contemplated in the statute so modified, has been further construed to mean a happening "out of the ordinary, unexpected, and definitely located as to time and place." Barron v. Texas Employers' Ins. Ass'n (Tex. Com.App.) 36 S.W.(2d) 464, 465, 467. And the courts' have brought within that category cases of injury arising from strain and resulting in the bursting of a blood vessel. Southwestern Surety Ins. Co. v. Owens (Tex.Civ.App.) 198 S.W. 662; Texas Employers' Ins. Ass'n v. Davidson (Tex.Civ.App.) 288 S.W. 471; Georgia Cas. Co. v. Mixner (Tex.Civ. App.) 289 S.W. 420; Texas Employers' Ins. Ass'n v. McGrady (Tex.Civ.App.) 296 S.W. 920; Texas Employers' Ins. Ass'n v. Davidson (Tex.Civ.App.) 5 S.W.(2d) 1008; Roland v. Employers' Cas. Co. (Tex. Civ.App.) 290 S.W. 895, 896; Texas Employers' Ins. Ass'n v. Sloan (Tex.Civ. App.) 36 S.W.(2d) 319.

■ In this case there is evidence to show, and the trial court impliedly found, that the strain of lifting the heavy pipe resulted in the rupture of one of the blood vessels in appellee's leg, and it is undisputed that, whatever the cause, the resulting incapacity was total and permanent. It is true that several physicians testified that appellee's condition was due to varicose veins, with which (they further

testified) he had necessarily been afflicted for from five to twenty years. But that testimony does not overcome, as a matter of law, the direct testimony of appellee and his wife and grown son and daughter, that he had never, before this accident, had any of the admitted symptoms of varicose veins; or the conceded fact that two weeks before the accident, as a condition of his employment, his employer's physician gave appellee a thorough physical examination and pronounced him sound in health and fit for that particular employment; and that his disability began with the accident, and has continued ever since. The evidence is sufficient to support the trial court's finding that appellee's disability is due solely to an injury caused by the bursting of a blood vessel, and was occasioned by the severe strain of lifting a heavy joint of oil well casing. Under the statute, as construed by our courts, the injury flowed from "something out of the ordinary, and unexpected," and being definitely located as to time and place, it was compensable. Maryland Cas. Co. v. Rogers (Tex.Civ.App.) 86 S.W.(2d) 867, and authorities. We therefore overrule appellant's first proposition.

■ The statute prescribes the formula for determining the average weekly wages for the purpose of computing compensation. Article 8309, § 1, first subsecs. 1, 2, 3. That formula provides three alternative methods of computing compensation: First, in cases where the employee has worked for a period of substantially one year in that particular employment in which he is injured; second, if he has not been so employed for that period, then the average shall be determined by the wages of others employed in the same class of work in that vicinity for that period; and, third, "when by reason of the shortness of the time of the employment of the employee, or other employee engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties."

The evidence showed that neither appellee nor others had been engaged in similar employment in that vicinity for the length of time prescribed in the first and second contingencies as a basis for the computa-

tion. Appellee was therefore relegated to the third alternative, quoted above, for proof of his average wages, whereby the court would be authorized to compute the wages "in any manner which may seem just and fair to both parties." The evidence showed the current wages of appellee and others in like employment at and prior to the time of the accident, as well as the wages appellee had previously received in other employments, and from that evidence the trial judge made the award, of the justness and fairness of which appellant does not complain. Appellant's second proposition is therefore overruled.

The case is a simple one. Appellant does not question the finding that appellee sustained the injury alleged and adjudged, or that he sustained it in the course of his employment, or that the resulting incapacity was total and permanent, or the award excessive. Appellant contends, only, that that injury is not compensable under the law, and that appellee did not prove his average wages according to the formula prescribed by the appropriate statute. We conclude that there is no merit in those contentions.

The judgment is affirmed.