TRADERS & GENERAL INSURANCE COMPANY V. CHESTER L. POWELL.

No. 6960.   Decided December 8, 1937.
(110 S. W., 2d Series, 559.)

*Davis, Avery & Wallace,* of Center, *Collins & Fairchild,* of Lufkin, and *Lightfoot & Robertson,* of Fort Worth, for plaintiff in error.

The evidence showing that plaintiff, at the time he was injured, was temporarily engaged in the performance of a service for his employer entirely outside of the usual course of his employment, and was not an employee of his employer at the time of the accident within the meaning of the Workmen's Compensation Law, and was not covered by the policy of insurance sued upon, it was error on the part of the court to refuse to instruct a verdict for defendant. Oil Men's Reciprocal Assn. v. Gilliland, 291 S. W. 197; Barta v. Texas Reciprocal Ins. Assn., 67 S. W. (2d) 433; Texas Employers' Ins. Assn. v. Jenkins, 63 S. W. (2d) 563.

The evidence raised the issue that the plaintiff's average weekly wage rate could have been determined under Article 8309, Sec. 1, subd. 2, R. S. 1925, and that issue not having been submitted or requested, was waived, and the court could not resort to subdivision 3 of said article and section to determine plaintiff's average weekly wage rate, and it was error in this case for the court to do so. Petroleum Casualty Co. v. Williams, 15 S. W. (2d) 553; Ormsby v. Ratcliff, 117 Texas 242, 1 S. W. (2d) 1084.

*Sanders & McElroy,* of Center, and *C. A. Lord,* of Beaumont, for defendant in error.

In reply to plaintiff in error's propositions, cited Kempner v. Huddleston, 37 S. W. 1066; 26 Tex. Jur. 49, Sec. 369; New Amsterdam Casualty Co. v. Hosch, 78 S. W. (2d) 633; Maryland Casualty Co. v. Williams, 47 S. W. (2d) 858.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This is a compensation case. Defendant in error, Chester L. Powell, was the employee. Plaintiff in error, Traders & General Insurance Company, was the insurance carrier. The Tenaha Compress & Warehouse Company was the employer. A judgment in favor of defendant in error in the district court was affirmed by the Court of Civil Appeals. 82 S. W. (2d) 747. The material facts are succinctly stated by the Court of Civil Appeals as follows:

"The employer, Tenaha Compress & Warehouse Company, was engaged in the operation of a cotton compress and the storage of cotton in the town of Tenaha, Shelby County, Texas. A few days prior to June 30, 1930, appellee, Chester L. Powell, was employed by the compress company as a general laborer, and

began work along with the other employees of the company in making repairs on the property. It appears from the evidence that the compressing season had closed and no cotton had been compressed for a month or more. But the plant was prepared to receive and store cotton, and some was then in storage. The employees were engaged in making needed repairs and putting the plant in condition for the fall business. For a day or two after Powell went to work he and the other employees worked at tearing up and replacing flooring in the plant. The manager, Mr. E. W. Muckleroy, then directed the employees to go to Center, Texas, about 10 miles distant, and dismantle a steel water tank and tower which had been purchased second-hand, remove it to Tenaha, and re-erect it on the premises of the compress. The old water tank then in use at the plant was inadequate to furnish a sufficient supply of water for the boilers, and was practically worn out. Also it did not afford sufficient water or water pressure for fire protection for the plant and the cotton in storage. This resulted in high insurance rates on the stored cotton. It seems that such insurance was paid by the owners of the cotton, and Mr. Muckleroy testified that the high insurance rates threatened serious curtailment of the business of the compress. The second-hand water tank and tower had been purchased with the view of supplying the plant with adequate water for all purposes. All employees of the company, from the manager on down, went to Center, as directed, and began the work of tearing down the water tower. After they had been working about four days, Powell fell from the tower to the ground, a distance of about 60 feet, and as a result was very seriously injured. It is not disputed that he is totally and permanently disabled."

Defendant in error Powell will be referred to as plaintiff and the insurance company will be referred to as defendant.

It is strenuously urged that at the time plaintiff was injured he was not engaged in the "usual course of trade, business or occupation of his employer." Upon this contention we are instructed by the Supreme Court to say that this question was necessarily involved on the former appeal, and although not discussed, was decided against plaintiff in error; and that decision will not again be reviewed.

The evidence shows that plaintiff was employed to work at the compress as a general laborer, and that he worked as such for only a few days before he was injured. It appears to be undisputed that the wages of other general laborers in the compress were $2.00 per day. The wages paid the workers engaged in the extra work of tearing down the tank were $6.50 per day.

Plaintiff had worked at that job for only two or three days when injured. Such employment was of course temporary, and no proof was made that any one followed such employment for substantially a year.

■ In response to Special Issue No. 7 the jury found that there was no employee of the same class as plaintiff working substantially the whole of the year immediately preceding June 30, 1930, in the same or a similar employment as the plaintiff was engaged in at the time of his injury. As it seems to be undisputed that there were other general laborers of the compress company working in the same general class as plaintiff who had worked for as much as substantially the whole of one year preceding June 30, 1930, it becomes at once obvious that the finding of the jury to said Issue No. 7 is based upon the fact that no other person had been engaged in the special work of dismantling the tank for substantially a whole year preceding the accident. This is emphasized by the answer of the jury to Special Issue No. 7-B. To that issue the jury found that the average weekly wages being earned by the plaintiff at the time of the injury were $39.00 per week; that is, at the rate of $6.50 per day for six days in the week. The sole and only evidence to support this finding is that the plaintiff and others were being paid at the rate of $6.50 per day for two or three days while performing the specially hazardous work of tearing down the water tank. As no one had been engaged in such work for more than a few days, it is manifest that the jury was not authorized to ascertain the weekly wages upon that basis. It was shown, however, that there were employees of the same class working in the compress for substantially the whole of one year immediately preceding the injury, but their wages were $2.00 per day. The jury was therefore authorized to find the average weekly wages of plaintiff under Section 2 of Article 8309, but wholly failed to follow the evidence in that regard. In view of the fact that the jury ignored the proof as to the wages of other employees doing similar work in the compress, and based their answers solely upon the fact that plaintiff had been paid at the rate of $6.50 per day for the extra hazardous work, it is obvious that the answer of the jury can not be considered as a finding of what was "just and fair to both parties," as provided by Section 3 of Article 8309.

■ As plaintiff was not entitled to compensation at all unless engaged in the "usual course of business" of the compress company, it is obvious that his weekly wages in order to be "just and fair" should be ascertained by considering the evidence of

wages paid to similar employees in the usual course of business.

Upon the finding that the plaintiff's wages were $39.00 per week, the trial court entered judgment awarding compensation at the rate of $20.00 per week for 401 weeks. The jury found that 3 per cent. would be a reasonable discount and the court rendered judgment for a lump sum of $8,335.97 with 6 per cent. interest from date of judgment. For the reasons set forth above, it is plain that there was no evidence to support the findings of the jury to Special Issues No. 7 and No. 7-B, and therefore the judgment in so far as it awarded compensation must be reversed. Traders & General Ins. Co. v. Bulis, 129 Texas 362, 104 S. W. (2d) 488; American Employers' Ins. Co. v. Singleton, (Com. App.) 24 S. W. (2d) 26.

This question as now presented was not presented on the former appeal and was not decided in the former opinion (65 S. W. (2d) 269). The Court, after discussing certain propositions, said: "We forego a discussion of the other assignments presented, because they will not likely arise during another trial."

The judgments of the Court of Civil Appeals and of the trial court are reversed and the cause is remanded for another trial.

Opinion adopted by the Supreme Court December 8, 1937.