**HARTFORD ACCIDENT & INDEMNITY CO. v. CLARK.**

No. 2086.

Court of Civil Appeals of Texas. Waco.

Feb. 16, 1939.

Rehearing Denied April 6, 1939.

Harris, Howell & Gordon, of Waco, for appellant.

George Clark and Claude Miller, both of Waco, for appellee.

ALEXANDER, Justice.

This is a workmen's compensation case. Judgment was for the employee. The insurance company appealed.

Appellant's first contention is that the trial court erred in failing to grant its petition of removal to the Federal Court on account of diversity of citizenship. In his original petition the plaintiff alleged total and permanent disability and sought a lump sum settlement on a basis of an average weekly wage of $18 for a period of 401 weeks. He did not allege specifically the amount of the recovery to which he was entitled, but, according to the facts alleged, the amount was within the jurisdiction of the Federal Court. Appellant gave notice of intention to file petition for removal, but, before it was filed, the plaintiff filed an amended petition alleging the same facts but praying for a lump sum judgment for only $2,999. Later, the insurance company filed its petition for removal but same was refused by the trial court. The company then caused a transcript of the proceedings, including petition for removal, to be filed in the Federal Court and sought an injunction restraining the trial of the case in the state court. Upon the hearing in the Federal Court that court concluded that, since the plaintiff in the

state court had voluntarily reduced the amount of its claim below $3,000 prior to the filing of the petition for removal, the Federal Court never acquired jurisdiction of the suit. Consequently, the Federal District Court overruled the petition for removal and injunction and dismissed the proceedings. That decree has never been altered or set aside. The question now before this court is whether the state court erred in refusing to transfer the proceedings to the Federal Court. We do not deem it necessary for us to here determine whether or not the suit was removable in the first instance, for, in our opinion, the judgment of the Federal District Court dismissing the petition for removal foreclosed and forever settled the question as to whether the suit could be removed to the Federal Court. Whether or not the defendant had a right to remove the suit to the United States District Court involved a federal question. The Federal Court had full authority to determine the issue, and, when it determined the question against the insurance company, its decree therein, which was never altered or set aside, became binding on the parties and forever settled the question. Henderson v. Cabell, 83 Tex. 541, 19 S.W. 287; Chesapeake & O. R. R. Co. v. McCabe, 213 U.S. 207, 29 Sup Ct. 430, 53 L.Ed. 765. The Federal Court has refused to take jurisdiction of the suit and if we were to now hold that the state court was without jurisdiction to try the cause, the plaintiff would be left without any forum to which he could resort for the determination of his rights. The issue does not involve any fraud upon the jurisdiction of any state court, for the trial court would have had jurisdiction of the suit regardless of whether the plaintiff had demanded the full amount to which he was entitled under the facts alleged or only the amount actually prayed for in his petition. His election to accept less than he was entitled to resulted in no injury to appellant. This assignment is overruled.

Appellant contends that plaintiff failed to sufficiently allege that he was engaged in the usual course of the business of the employer at the time of his injuries. He did not so allege in so many words, but he did allege that at the time of his injury he was an employee of the Cities Service Oil Company, the employer; that he was an employee subject to and within the meaning of and entitled to the benefits of the Workmen's Compensation Law, Ver-

non's Ann.Civ.St. art. 8306 et seq.; that his injuries were sustained as the result of an accident within the meaning of the Workmen's Compensation Law; that at the time of the accident he was acting within the scope of his employment and was performing a service for his said employer necessarily connected with the business in which his employer was then engaged. The appellant directed no special exception to the petition but relied on a general demurrer. In view of the liberal presumptions indulged in favor of a petition as against a general demurrer, we are of the opinion that the trial court did not commit error in overruling the general demurrer. As a consequence, the assignment complained of presents no reversible error.

■ Appellant contends that the evidence conclusively shows that the employee was not engaged in the usual course of the trade, occupation, business or profession of his employer within the meaning of the Workmen's ·Compensation Law, and that the trial court erred in refusing an instructed verdict in its behalf. The evidence shows that the employer, Cities Service Oil Company, was engaged in operating a warehouse in East Waco, from which its filling stations in the city were supplied with oil, gasoline and other products. The company usually retained two employees at the warehouse. As a result of a flood and high water in the vicinity, the station became filled with dirt and silt to a depth of two or three inches. After the water subsided, the company employed several helpers, including the plaintiff, to clean the warehouse and the canned commodities therein. It was plaintiff's duty to help remove the silt from the station and to wash and clean the cans and boxes containing oil, grease and other merchandise. While he was assisting in carrying a tub of axle grease cans from one place to another about the premises, he slipped and fell and sustained his injuries. Stripped of all unnecessary verbiage, appellee was employed to clean up the premises, a work usually and customarily incident to the efficient operation of a warehouse where oils and greases are stored and from which they are distributed. The work he was employed to do was in no sense unusual in the business carried on by the employer. The employer could not have carried on the business at the same stand for a long period of time without someone to clean the premises. The event which made it neces-

sary to employ the extra crew of laborers, of which appellee was one, was an unusual one but the work which these laborers were employed to do was usual in that character of business. The flood simply produced a condition which required more of the work usually incident to the business. Appellant's motion for instructed verdict was properly overruled. Wells v. Lumbermen's Reciprocal Ass'n, Tex.Com.App., 6 S.W.2d 346; Traders & General Ins. Co. v. Powell, Tex.Civ.App., 82 S.W.2d 747; Id., 130 Tex. 375, 110 S.W.2d 559.

■ The jury, in answer to special issues, found that the appellee sustained his injuries "in the course of his employment with his employer, Cities Service Oil Company." The appellant presents the proposition that the verdict is insufficient to support the judgment because it "does not include a finding of the jury that claimant is employed within the statutory definition." No such assignment was presented in the lower court and no reason is given why the same was not so presented. Consequently, the error, if any, cannot now be raised in this court for the first time unless the assignment presents fundamental error. Court of Civil Appeals Rule No. 24; District Court Rule No. 71a; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270. We do not think that an assignment complaining of the insufficiency of the verdict to support the judgment presents fundamental error. Necessarily, if the evidence conclusively established the unsubmitted issue in such manner as to support the judgment, no error was committed in failing to submit the issue to the jury. This court will not, in the absence of an assignment, examine the statement of facts to ascertain whether or not the facts were in dispute. Consequently, the proposition does not raise fundamental error. Blackmon v. Trail, Tex.Com. App., 12 S.W.2d 967.

■ It became necessary for the court to return the jury to the jury room three times in order to eliminate conflicts in their answers to the special issues. There is nothing in the record, however, to indicate that the trial court in doing so disclosed to the jury the effect of their answers or otherwise prejudiced appellant's rights.

We have examined all other assignments and find no reversible error.

The judgment of the trial court is affirmed.