**TEXAS INDEMNITY INS. CO. v. HUBBARD.**

**No. 2247.**

Court of Civil Appeals of Texas. Waco.

March 7, 1940.

Rehearing Denied April 4, 1940.

Sleeper, Boynton & Kendall, of Waco, and Webster Atwell, of Dallas, for appellant.

George Clark and Clint Allen, both of Waco, for appellee.

TIREY, Justice.

This is a workmen's compensation case. Plaintiff, Fannie Hubbard, brought this suit for herself as the wife of L. Hubbard, deceased, and as next friend for a minor, Louis H. Hubbard. Plaintiff alleged that she was the wife of the deceased, L. Hub-

bard, and that Louis H. Hubbard was a minor, seventeen years of age, and was the illegitimate child of L. Hubbard, deceased; and that she and the said minor were the sole heirs at law of L. Hubbard, deceased; that there was no administration upon the estate of L. Hubbard, deceased, and that none was necessary. Plaintiffs alleged that they were entitled to have the defendant redeem its liability in a lump sum, and, among other things, prayed for such relief, and, in addition thereto, asked for judgment apportioning to plaintiffs said recovery. The cause was tried by a jury and the award of the jury was favorable to plaintiffs, including lump sum award. In addition to the jury findings, the court found in his judgment that the plaintiff, Louis H. Hubbard, was an illegitimate child, and not entitled to recover either as an heir at law or as a beneficiary under the Workmen's Compensation Act in this state, and further found that Fannie Hubbard was the sole heir at law of the deceased, L. Hubbard, and the sole beneficiary under the Workmen's Compensation Act. The court, on the verdict of the jury and this finding, awarded to Fannie Hubbard the entire amount found by the jury. The court further decreed that Louis H. Hubbard, minor, suing herein by Fannie Hubbard as next friend, take nothing by his asserted cause of action against Texas Indemnity Insurance Company. No exception was taken to the judgment entered against the minor. The defendant has perfected its appeal from the judgment entered against it in favor of the plaintiff, Fannie Hubbard. The supersedeas bond is payable to Fannie Hubbard only.

 Appellant's first proposition is: "The trial court erred in overruling and not sustaining the special exceptions numbered 2, 3, 4, 5 and 6 of defendant because said special exceptions were levied to conclusions plead by the plaintiff and such allegations were not based upon factual allegations." We have carefully considered this proposition, and are of the opinion that the plaintiffs' pleading was a sufficient statement of the cause of action for admission of proof as to the nature and scope of deceased's employment. See Southern Surety Co. v. Weaver, Tex.Com.App., 273 S.W. 838, 840, par. 1. Nor was it necessary to name the agent of the Southland Ice Company who employed the deceased. Jackson v. Dickey, Tex.Com.App., 281 S. W. 1043, 1044. Moreover, a large measure of discretion is vested in the trial court in this regard, and, in the absence of a showing of abuse of discretion or injury resulting from the ruling, the trial court's ruling will not be disturbed. Constitution Indemnity Co. of Philadelphia v. Armbrust, Tex.Civ.App., 25 S.W.2d 176, 180, pars. 9 and 10, writ refused; Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822, 825, par. 5; Rule 62a of Courts of Civil Appeals. Appellant's first proposition is overruled.

 Appellant next complains that the court erred in placing Raymond Dailey, the engineer in charge of the work which the deceased was doing, under the rule and excluding him from the courtroom. It is a well established rule that permitting witnesses to remain in the courtroom or excluding them under the rule is a matter within the sound discretion of the trial judge and not subject to a reversal in the absence of a showing of abuse of discretion. Gulf, C. & S. F. R. Co. v. Bruce, Tex.Civ.App., 24 S.W. 927, par. 1; St. Louis S. W. Ry. Co. v. Cox, Tex.Civ.App., 221 S.W. 1043, 1044, par. 4; Southland Greyhound Lines v. Matthews, Tex.Civ. App., 74 S.W.2d 713, 716, pars. 9 and 10; Rule 62a, Court of Civil Appeals, 149 S.W. X; 5 C.J.S., Appeal and Error, § 1610, p. 510. Appellant's second proposition is overruled.

 Appellant next contends that the undisputed evidence shows that employee was not engaged in the usual course of the trade, business, profession or occupation of his employer within the meaning of R. S. art. 8309, sec. 1, as amended, Vernon's Ann. Civ.St. art. 8309, § 1, and that the trial court erred in not granting its motion for an instructed verdict. The evidence shows that the employer, Southland Ice Company, was a corporation engaged in the business of manufacturing and selling ice, and that it owns, maintains and operates an ice plant on Elm Street in the city of Waco, as well as other plants situated elsewhere in Texas. The employer purchased the old ice cans in place at the Robinson Ice Plant in Waco, which plant was no longer in operation. The employer elected to remove the cans out of the old tank and haul them away to its various plants. Ice cans are used and needed for the manufacture of ice, and that from time to time in the ordinary operation of the business, it is necessary for these cans to be replaced, and it appears that the ice cans were bought by the employer for replacement purposes. The evi-

dence shows that the manager of the local plant sent the engineer of the local plant to the old Robinson Ice Plant to superintend the removal of the ice cans from the tank and to employ the men to do the job on or about June 23, 1938. There is evidence that the engineer hired plaintiff's husband to help remove the ice cans and that he became overheated and suffered a heat stroke, which incapacitated him for approximately three months, and as a result of which he died on December 23, 1938. The general rule is that whether the employment of a workman injured while engaged in a particular task is within the usual course of the business of his employer is ordinarily a question of fact. To make such an issue a question of law, the testimony must not only be without contradiction but must be so conclusive that reasonable minds cannot differ as to its effect. Croswell v. Commercial Standard Insurance Co., Tex.Civ.App., 56 S.W.2d 918, 920, par. 2. Moreover, the evidence was uncontroverted that it was necessary for the employer to make replacements of these ice cans at its various plants from time to time as and when they were needed, and it appears to us that the work deceased was employed to do was in no sense unusual in the business carried on by the employer. The employer would certainly have the right to buy such equipment it desired to be used for replacement purposes or otherwise in the conduct of its business. We think the facts of this case place it well within the rule announced by the Commission of Appeals in Wells v. Lumbermen's Reciprocal Association, 6 S.W.2d 346. See, also, Traders & General Ins. Co. v. Powell, Tex.Civ.App., 82 S.W.2d 747; Id., 130 Tex. 375, 110 S.W.2d 559; and Hartford Accident & Indemnity Co. v. Clark, Tex.Civ.App., 126 S.W.2d 799. Moreover, in the case of Texas Employers Insurance Ass'n v. Wright, 128 Tex. 242, 97 S.W.2d 171, 173, the Commission of Appeals announced this doctrine: "An employee injured when performing at his employer's direction work outside the scope of his usual duty is entitled to compensation, provided the work in which he is engaged when injured is within the usual course of the employer's business." Under the foregoing rule, it occurs to us to be a sound doctrine that when any manufacturing establishment, in the exercise of its discretion, buys secondhand machinery or other equipment, to be used by it in its manufacturing business, that it is acting within the usual course of its business, and persons employed by it in the assembling of the same are employed within the usual course of the employer's business. A careful reading of the emergency clause in connection with the amendment with reference to section 1 of Art. 8309, as enacted by the 45th Legislature, chap. 262, p. 537, Vernon's Ann.Civ.St. art. 8309, § 1, removes all doubt in our mind as to the matter under discussion. Surely the Legislature, by the amendment referred to, intended to liberalize the act and to remove and eliminate the extremely technical construction that had been placed by our courts on the Act in question. In Huffman v. Southern Underwriters, Tex.Sup., 128 S.W.2d 4, 9, the Supreme Court, in discussing our Workmen's Compensation Act, said: "We should also keep in mind the universal rule that compensation laws are liberally construed." We follow that rule. Appellant's third proposition is overruled.

We have considered appellant's proposition No. 4, which complains of the court's definition of "usual course of business" and find no merit in same. It is overruled. Wells v. Lumbermen's Reciprocal Ass'n, Tex.Com.App., 6 S.W.2d 346.

Appellant seriously complains of the action of the trial court in the additional instructions that the trial court gave to the jury after the cause had been submitted and after the jury had entered upon its deliberations. We have carefully reviewed the bill of exception and the qualification of the trial court and are of the opinion that said assignment does not present error. The record shows that the jury reduced their questions to writing and same were submitted to the court and the court prepared his answers and instructions to said request and submitted them to counsel and gave counsel an opportunity to object to the instructions and advised them that they could re-argue the case, if they desired to do so. We are of the opinion that the trial court followed Articles 2197 and 2198 in response to the questions asked by the jury and the further instructions given. See Goode v. Ramey, Tex.Civ.App., 48 S.W.2d 719, 722, pars. 9 and 10; Dallas Railway & Terminal Co. v. Starling, 130 Tex. 379, 110 S.W.2d 557.

Appellant's sixth proposition is to the effect that the jury's finding that L. Hubbard was an employee of the Southland Ice Company is against the great and overwhelming preponderance of the evi-

dence. Proposition No. 7 is that the finding of the jury that L. Hubbard suffered a heat stroke while in the employment of the Southland Ice Company is against the great and overwhelming preponderance of the evidence. We have carefully read the evidence under each of these assignments, and, in our opinion, the testimony is ample to support the jury finding thereon. These assignments are overruled.

 Appellant's 11th assignment complains that the jury's finding in response to special issue No. 12 of $17.50 as the average weekly wage of L. Hubbard, deceased, is wholly without evidentiary support and contrary to all evidence adduced on the trial of this cause. The court submitted said question to the jury in accordance with paragraphs 1, 2 and 3 under section 1 of Art. 8309, and we are of the opinion that there is sufficient testimony to sustain the findings of the jury on this matter, and the assignment is therefore overruled. Lumbermen's Reciprocal Ass'n v. Warner, Tex.Com.App., 245 S.W. 664; United States Casualty Co. v. Vance, 91 S.W.2d 465, writ refused; Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W.2d 1031; Maryland Casualty Co. v. Drummond, Tex.Civ.App., 114 S.W.2d 356, writ refused; Consolidated Underwriters v. Lowrie, Tex.Civ.App., 128 S.W. 2d 421.

 Appellant's eighth assignment is to the effect that since Fannie Hubbard brought the suit for herself and as next friend for her minor stepson, and that since her interests in her own behalf are adverse to said minor's, and because she alone testified to said minor's alleged illegitimacy, and that since said minor's alleged illegitimacy is the sole bar to said minor sharing with plaintiff in the award, the court erred in rendering judgment that said minor take nothing, and that Fannie Hubbard take all of the award. The appellant's ninth proposition is to the effect that there are neither pleadings nor proof that Fannie Hubbard is the sole heir at law of L. Hubbard, deceased, or the sole beneficiary under the statute, and that the court erred in rendering judgment for Fannie Hubbard for the full amount which the court deemed recoverable under the award. The tenth assignment is to the effect that since Fannie Hubbard brought the suit in behalf of herself and as next friend for said minor to recover the compensation which she alleged was due L.

Hubbard at the time of his death, and since she alleged that she and said minor were the sole heirs at law of the said L. Hubbard, deceased, and that there was no administration on his estate and no necessity for same, but offered no proof whatever to establish Hubbard's intestacy, or that he left surviving him no other children or descendants of deceased children other than said minor, or that there was no necessity for administration on said L. Hubbard's estate, the court erred in rendering judgment in this cause in any amount which the court deemed L. Hubbard, deceased, was entitled to have recovered after his injury and prior to his death. The evidence is uncontradicted that Fannie Hubbard was the surviving widow of L. Hubbard, deceased, and that she had been living with the deceased continuously as his wife for twenty-six years up until the date of his death. Under section 8a of Article 8306, Fannie Hubbard was a beneficiary and was entitled to maintain this suit for herself, and under the express provisions of said section the compensation accruing by reason of the injuries sustained and resulting death of the said L. Hubbard, was not subject to the payment of the debts of L. Hubbard, nor to his legal beneficiaries. Therefore, it occurs to us that there was no necessity to allege nor no necessity for proof showing that no administration was had and none necessary on his estate. Smith v. Southern Surety Co., Tex.Civ.App., 193 S.W. 204; Moore v. Lumbermen's Reciprocal Ass'n Tex.Com.App., 262 S.W. 472. Under Article 1994, R.S., she had authority to bring the suit as next friend of the minor. We do not find that appellant offered any testimony as to the heirs of L. Hubbard, deceased. We do not find any objection made by appellant to the court's finding in his judgment that Louis H. Hubbard was the illegitimate child and not entitled to recover as an heir at law or beneficiary under the workmen's compensation law. Appellant failed to assign error to that part of the judgment in motion for new trial, and appellant did not appeal from the judgment of the court denying recovery to Louis H. Hubbard. Appellant in the trial court made no attempt to abate and dismiss the suit on the ground that Fannie Hubbard, for herself and as next friend for the minor, Louis H. Hubbard, could not maintain this suit because there were other necessary parties. Appellant answered plaintiffs' suit to set aside the

award on its merits. Under the authority of Safeway Stores, Inc., of Texas v. Rutherford, 130 Tex. 465, 111 S.W.2d 688, the contention of the appellant that Fannie Hubbard could not maintain the suit for herself and as next friend for the minor cannot be raised at this time. See, also, Moke v. Fellman, 17 Tex. 367, 67 Am.Dec. 656; Montgomery v. Carlton, 56 Tex. 361; Martin v. Weyman, 26 Tex. 460, cited in the foregoing opinion. The plaintiff alleged that she and Louis H. Hubbard, the minor, were the sole heirs at law of said L. Hubbard, deceased. Now on the trial of the cause, the proof introduced showed that Fannie Hubbard was the surviving widow and that Louis H. Hubbard was his illegitimate son. There was and could be no adverse interest of Fannie Hubbard to that of the minor, Louis H. Hubbard, in the amount recoverable for the injuries and death of the said L. Hubbard. Rule 62a for Courts of Civil Appeals is, in part, as follows: " * * * and if it appear to the court that the error affects a part only of the matter in controversy and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error." In Barnsdall Oil Co. v. Hubbard, 130 Tex. 476, 109 S.W.2d 960, point page 963, the Supreme Court said: "It seems to be true that, if an appealing party desires to limit his appeal, he should clearly and distinctly indicate such intention." The record is uncontradicted that appellant did not except to the judgment entered in its favor against the minor and it did not appeal from said judgment entered in its favor against the minor, in that the supersedeas bond is made payable to Fannie Hubbard only. It appears to us beyond question that the amount of the award recoverable is entirely severable from the issue as to whether or not the minor is entitled to share in said award. Under the foregoing authority, we are of the opinion that the appellant is not in position to complain of any injury in the apportionment of the award against the minor. See, also, Durham v. Scrivener, Tex.Com.App., 270 S.W. 161.

▮▮▮ Under the doctrine announced in Texas Employers Ins. Ass'n v. Boudreaux, Tex.Com.App., 231 S.W. 756, it was held that compensation awarded for injuries resulting in death should be distributed according to the statute of descent and distribution applicable when distributing community property. Article 2578 of our statutes, among other things, provides: "Upon the dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife shall go to the survivor, if there be no child or children of the deceased or their descendants."

Under the above statute and the interpretation given thereto by the Supreme Court, there can be no controversy as to the apportionment to be made between the widow and the children, if any, of the deceased. In the case of Millers' Indemnity Underwriters v. Schrieber, Tex.Civ.App., 240 S.W. 963, point page 970 (writ refused), the court held (which cause was tried before a jury) that the question of proration of the award between surviving parent and minor children could be reformed by the court and as reformed, affirmed.

Appellant contends that this cause should be reversed because "Fannie Hubbard undertook in this proceeding to assert, in the capacity of next friend, her minor stepson's right of recovery against defendant, as well as her own, and since the interest she asserts in her own behalf is clearly adverse to said minor's, in that said minor's alleged illegitimacy, to which, on the trial she alone testified, is the sole bar to said minor's sharing with her in the award * * *". The record is uncontroverted that Fannie Hubbard, for herself and as next friend for the minor, gave notice of the injuries and death of her husband as required by law. The Industrial Accident Board held adversely to the claim of the plaintiff as well as that of the minor. Fannie Hubbard, for herself and as next friend for the minor, gave the necessary notice and filed suit for herself and as next friend for the minor to set aside the award of the Board. In the pleading that she went to trial on, she alleged, among other things, that Louis H. Hubbard, the minor, was 17 years of age and that he was the illegitimate child of L. Hubbard, deceased, and that they were the sole heirs at law of said L. Hubbard, deceased. She further alleged in said petition that she and Louis H. Hubbard were dependent upon L. Hubbard, deceased, for a livelihood. She further set out in her pleadings: "this is a special case, and that manifest hardship and injustice will result unless defendant is required to redeem its liability herein by the payment of a lump sum, and the plain-

tiffs are entitled at this time to be awarded a lump sum * * *." In her prayer, among other things, she prayed "for judgment apportioning to plaintiffs said recovery." Upon the trial of the case, Fannie Hubbard testified, without contradiction, that she was 53 years of age, that she was the widow of L. Hubbard and that she and L. Hubbard had lived together as husband and wife continuously since their marriage until his death for a period of twenty-six years. She testified that Louis H. Hubbard, the minor, was 17 years of age, and that he was born to her husband and some other woman about 9 years after Fannie Hubbard's marriage to L. Hubbard and that he had never lived at her house and that she had never taken care of the minor, but she said her husband had supported him. In addition thereto, the evidence is undisputed and unimpeached that the plaintiff Fannie Hubbard, at the request of her counsel, furnished to appellant's counsel in open court during the trial of the case the name and address of the mother of the minor, Louis H. Hubbard, and that the minor's mother resided in the city of Waco. There is nothing in the record to indicate that Fannie Hubbard at any time asked the court to award the whole of the judgment recovered to her. It definitely appears that the next friend and her counsel acted in the utmost good faith with the court, the appellant and the minor, in that they fully advised the court and the appellant as to the existence of the minor, his dependency upon the deceased, and in their prayer, prayed for judgment apportioning to plaintiffs said recovery. Appellant had ample notice of the claims of the plaintiff and the minor and by what right they claimed, and had an opportunity to make a full investigation thereof.

 Under the above condition of the record, the trial court found that the plaintiff, Louis H. Hubbard, was an illegitimate child and not entitled to recover either as an heir at law or as a beneficiary under the Workmen's Compensation Act. The insurance company, upon discovering the conflict of interests between the mother and the child, made no request for the appointment of a separate guardian ad litem to represent the interests of the minor. The question therefore arises, can the appellant complain at the action of the trial court in the finding it made to the effect that the minor was an illegitimate son of L. Hubbard, deceased, and the disposition

made of the case that necessarily followed on such finding? The question presented is one of some difficulty. In 23 Tex.Jur. p. 763, sec. 66, we find this rule: "The trial court has full power to substitute another in lieu of the infant's original next friend, whenever such step is deemed to be in the interest of the minor. A proper occasion for substitution arises where it appears that the interests of the next friend and the minor are in direct conflict, as, for example, where the suit presents the issue of the right of the next friend to recover a judgment against the minor. *This is a matter that is largely within the discretion of the trial court, and its decision will not be disturbed in the absence of a showing that discretion was abused.*" In the face of the above record, did the trial court abuse its discretion in its failure to appoint a guardian or substitute someone else to represent the minor's interest in the apportionment of the award made by the jury in its verdict?

In the case of Martin v. Weyman, 26 Tex. 460, the court said: "The action of the next friend of a minor, is within the control of the court. It may at any time, if deemed for the interest of the minor, substitute a new party as his next friend, in place of one with whom the suit was originally commenced." In the case of Jones v. Chronister Lumber Co., Tex.Civ.App., 204 S.W. 704, 705, the court said: "The propriety of appointing a new representative of the minor in a pending controversy rests within the discretion of the court, and we cannot say that the averments of the alleged guardian in an unsworn petition like this were sufficient to require the court to make the change." Under Article 1994 of the Revised Civil Statutes, Fannie Hubbard was acting within her rights in bringing the action in question as next friend of the minor. See: Wilson v. Fisher, Tex. Civ.App., 105 S.W.2d 304, point 7, at page 310, writ refused. There is nothing in the record to indicate that Fannie Hubbard was guilty of any fraud and overreaching with reference to the matter in question, and there is nothing in the record to indicate that the trial court abused his discretion in failing to appoint someone else to represent the minor. Nor did the trial court err in finding under the evidence that Louis H. Hubbard was the illegitimate son of L. Hubbard, deceased. See Dunlap v. Wright, Tex.Civ.App., 280 S.W. 276, point at page 279. The testi-

mony of Fannie Hubbard as to the illegitimacy of the minor is direct and positive and there are no circumstances in the record tending to discredit or impeach her testimony. Under the provisions of Article 2581 of our Revised Statutes, the minor, being illegitimate, could not participate in the award made by the jury. Under the provisions of Article 2578 of our Revised Statutes, the whole of the award found ·by the jury passed to the surviving widow, and we therefore overrule the foregoing assignments.·

The judgment of the trial court is affirmed.