## HILL v. GEORGIA CASUALTY CO.
### No. 1521—5829.

Commission of Appeals of Texas, Section A.

Jan. 27, 1932.

Oxford & McMillan, of Stephenville, for plaintiff in error.

Touchstone, Wight, Gormley & Price, of Dallas, for defendant in error.

HARVEY, P. J.

This is a proceeding instituted by Mrs. Bettie Hill, under the Workmen's Compensation Law, to recover compensation for the injury and resulting death of her husband. The policy involved was issued by the Georgia Casualty Company to Ross R. Wolf, as employer, who conducted a nursery near the town of Stephenville, in this state. The policy is in the standard form of a workman's compensation policy, as prescribed by the state authorities. By the express provisions of the policy, the class of employees of Wolf, in his nursery business, to which the protective provisions of the policy applied, were "Nurserymen—including Drivers, Chauffeurs and their Helpers." The policy provided, in substance and effect, that the casualty company would pay compensation, under the workmen's compensation statutes, to any of such employees for injuries received in the course of his employment, or to his dependents in case of his death from such injuries. The compensation statutes were, by reference, incorporated into the policy. James M. Hill was an employee of Wolf, and his employment engagement comprehended the performance of every character of work, which pertained to the nursery business of Wolf, except the budding of pecan trees. The nursery of Wolf was conducted for the propagation and sale of pecan trees; and the proceeds of the business amounted to some $30,000 annually. The place where the nursery was located consisted of 227 acres of land; about 125 acres being in cultivation. About 40 acres were planted in pecan stock, a small acreage was used for growing vegetables for home use, and for feeding the nursery hands, and the rest of the cultivated lands was devoted to the growing of peas, for the primary purpose of building up the soil for the growing of pecan trees thereon. In connection with the nursery business, Wolf kept on the place a number of milk cows and a heifer. The droppings from these animals were used in fertilizing the soil where the pecan trees grew. The milk taken from the cows, together with the butter derived therefrom, was consumed by Wolf and his family, and by the nursery hands on the place. Wolf lived on the place, and boarded the nursery hands. Included among the various duties of James M. Hill were the handling and care of the cows and heifer, the milking of the cows, etc. On February 26, 1929, Wolf directed Hill to take the heifer to a neighboring place for the purpose of breeding her to a bull. In compliance with the instructions of Wolf, Hill put a rope around the heifer's neck, and led her out onto the highway, which adjoined the Wolf place, for the purpose of taking the heifer to the other place where the bull was. On reaching the highway, the heifer became somewhat confused, and Hill, while attempting to manage her, and lead her to the other place, was struck and injured by an automobile which was being driven by a traveler on the highway, which injuries resulted in the death of Hill. Mrs. Bettie Estes Hill, the widow of James M. Hill, filed her claim for compensation with the Industrial Accident Board,

and was allowed compensation in conformity to the statutes. This suit was duly filed by the casualty company to set aside the decision of the board, and in due time Mrs. Hill duly filed herein a cross-action in pursuance of the provisions of the compensation statutes. At the trial of the case, she recovered judgment against the casualty company for the compensation sought. That judgment was reversed by the Court of Civil Appeals, and judgment was there rendered for the casualty company. 30 S.W.(2d) 1055.

The only question presented for decision relates to the asserted right of Mrs. Hill to recover compensation, under the Workmen's Compensation Law, for the injury and resulting death of her husband. This calls for consideration of the character of work which James M. Hill was required to perform in fulfillment of his employment contract; and whether or not, under that contract, he was such an "employee" as comes under operation of the statutes. By express provisions contained in the Workmen's Compensation Law, "farm laborers" and "ranch laborers" are excepted from the operation of that law. R. S. art. 8306, § 2. Formerly, the statute cited did not specifically except ranch laborers. The statute, as it then stood, came before the Supreme Court, in the case of Gordon v. Buster, 113 Tex. 382, 257 S. W. 220, 221. The court, speaking through Judge Pierson, held that the term "farm laborers," as used in the statute, embraced ranch laborers. It was there said: "From the general context of the act we think it was the purpose and intention of the Legislature in enacting this law to make a distinction as between agricultural pursuits generally and those of a more hazardous nature. The Legislature of Texas, by excepting 'domestic servants' and 'farm laborers' from the operation of the Workmen's Compensation Act, has exempted the farming and agricultural industry from the operation of the law."

■ That one engaged in the nursery business is engaged in an agricultural pursuit is not to be doubted. In Webster's Dictionary a "Nursery" is defined to be "a place where trees, shrubs, vines, etc., are propagated for transplanting or as use for stocks for grafting; a plantation of young trees or other plants." A "nurseryman" is defined by the same authority to be "one who conducts or cultivates a nursery for young trees, shrubs," etc. The specific branch of agriculture to which the nursery industry belongs is denominated "horticulture," which term is defined by Webster as follows: "The cultivation of a garden or orchard; the science or art of growing fruits, vegetables, and flowers or ornamental plants. Horticulture is a branch of plant production, which is one of the main divisions of agriculture."

It is quite evident that there is no more reason for saying that the Legislature meant the term "farm laborers" to embrace "ranch laborers" than for saying that the term was intended to embrace horticultural or nursery laborers. It is a matter of common knowledge that the general character of work done in nursery operations is not materially different from work done in other agricultural operations; and that the work pertaining to the nursery business is not more hazardous, with respect to personal injury, than the work which is ordinarily performed on a cotton plantation, say, or a wheat farm.

■ It is our opinion that the Legislature meant to exclude nursery laborers from the operation of the Compensation Law, along with laborers in other branches of agriculture. And, too, it has been held, in effect, that employees who do not fall within the operation of said law cannot be brought under its operation by agreement. Southern Surety Co. v. Inabnit, 119 Tex. 67, 24 S.W.(2d) 375.

We therefore recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and rendering judgment for the defendant in error be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.