**TEXAS EMPLOYERS' INS. ASS'N v. WILLIAMS et al.**

**No. 11098.**

Court of Civil Appeals of Texas. Dallas.

Feb. 4, 1933.

Lawther, Cox & Cramer and James P. Swift, all of Dallas, for appellant.

White & Yarborough, of Dallas, for appellees.

JONES, Chief Justice.

An appeal has been duly prosecuted from an adverse judgment in a workmen's compensation suit in a district court of Dallas county, instituted to set aside an award of the Industrial Accident Board against Texas Employers' Insurance Association, appellant, and in favor of Marguerite Williams and Dan Williams, appellees. The following are the facts:

Quincy Williams, deceased, was the son of appellees, and was in the employ of Cox, Incorporated, who operated a large garage in the city of Dallas, and appellant carried the compensation insurance. On July 25, 1930, deceased was accidentally killed, while working in the scope of his employment. At the time of his death, he was about 26 years of age, had never been married, and lived with his mother, Mrs. Marguerite Williams. For some time previous to the fatal accident, appellees had been divorced, and appellee, Dan Williams, was living in the state of Missouri. At the time of his death, and for about a year preceding, Quincy Williams had received the wage of $3 per day, working six days per week.

The father attended the funeral in Dallas, and on July 29th appellees entered into a separate written contract employing White & Yarborough, attorneys at law, to prosecute the claim of each, under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended), before the Industrial Accident Board, and before any court in which such claims should be urged or defended. It appears that Dan Williams desired the entire compensation allowed by law to be paid to Mrs. Marguerite Williams, and executed an assignment of his claim to her to carry out such purpose.

On the same day of the execution of the contracts and the assignment, a claim was prepared on the blank furnished for such purpose, mailed to the Industrial Accident Board at Austin, where it was received and filed on the following day. Such instrument was signed only by Mrs. Marguerite Williams, in which a claim was presented for the entire statutory allowance, and never mentioned the fact that her former husband, Dan Williams, was living. However, the concluding paragraph of such claim reads: "This claim for compensation, with respect to such injury, and the cause of the death of deceased, is made in behalf of and for each and all of the legal beneficiaries of the deceased, as well as by and for the undersigned, herein acting for himself, and for such legal beneficiaries."

In connection with, and as a part of, said claim prepared at the same time, and received by the Industrial Accident Board on the same day on which the claim was received, Mrs. Marguerite Williams forwarded an affidavit, the purpose of which was to secure an early hearing of the claim, and an award for a lump sum payment. This affidavit contains the following, material to a disposition of this case. "I am a widow, I am divorced from the father of Quincy Williams, and have never been married since being separated from him. I make claim for compensation herein as the sole beneficiary of Quincy Williams, deceased. * * *"

On the issue of the statutory notice of a claim for Dan Williams for the death of Quincy Williams, Yarborough, one of the attorneys, testified in effect that, within the statutory time for giving such notice, he had the matter of settlement of the claims of appellees, with an authorized claims attorney of appellant. While the dates of the conferences, in respect to settlement, are not definitely fixed by the attorney, other than at different times in the fall of 1930, it reasonably appears that these conferences were had prior to the award of the Industrial Accident Board, which was on October 23, 1930.

Appellant's claims attorney, in his testimony at the trial, denied that any effort had been made with him to settle the claim of Dan Williams, and testified that no suggestion that Dan Williams was making a claim was made to him as claims attorney for appellant.

This suit was duly filed by appellant to set aside the award of the Industrial Accident Board. Mrs. Marguerite Williams gave proper notice to such board that she was not willing to abide by the award of the board, and appellees in their answer duly filed a cross-action, in which the right of Mrs. Williams to the entire allowance, and to a lump sum payment, was alleged. The basis for a recovery of the entire allowance for Mrs. Williams was the alleged assignment to her of the claim of Dan Williams.

The court sustained special exceptions to all of those allegations in appellees' cross-action, alleging the assignment by Dan Williams to Mrs. Marguerite Williams, and her right to the entire allowance. Appellee Dan Williams thereupon filed a trial amendment, in which he presented an alternative plea that he be awarded one-half of the weekly payments allowed by statute to him as one of the beneficiaries. The relief prayed for, in effect, is the same allowance made him by the board. This appeal does not challenge the jurisdiction of either the Industrial Ac-

cident Board, or of the district court, in respect to Mrs. Marguerite Williams, but it does challenge the jurisdiction of the Industrial Accident Board to have made any award to Dan Williams, on the ground that no claim for him was presented to such board, and on the further ground that statutory notice of such claim was not given, and also challenges the jurisdiction of the district court to make any award to Dan Williams, because of this failure to show jurisdiction.

It clearly appears from the evidence that no issue of fact is made by the evidence in reference to Mrs. Williams' right to recover the statutory allowance for the death of her son, Quincy Williams, except as to her right to a lump sum payment. The court submitted only two issues in respect to her right, one as to whether she should be allowed a lump sum payment of the amount of the award, and the other as to what rate of discount should be made for the lump sum payment. The jury passed upon the first of these issues by answering that Mrs. Williams was entitled to a lump sum payment, and this finding of the jury, being supported by evidence, is adopted as the finding of this court. The jury answered the other issue by naming 5 per cent. of the total amount of the award as the proper discount, and this finding is also adopted as the finding of this court.

The undisputed evidence shows that 60 per cent. of the weekly wages of deceased amounted to $10.38 per week, and that Mrs. Williams, under the Workmen's Compensation Law, is entitled to $5.19 per week, one-half of the entire weekly allowance, for 360 weeks, and to 6 per cent. interest on the matured payments, and that of the total of the unmatured payments there should be a deduction of interest at the rate of 5 per cent., making the total sum of $1,607.20, for which sum judgment was entered for Mrs. Williams, with 6 per cent. interest from date of judgment in the district court. This part of the judgment must be affirmed.

Dan Williams, who had not appealed from the award of the Industrial Accident Board in his favor, was allowed the same judgment of weekly payments of $5.19 per week for 360 weeks, as was allowed by such board, with interest at the rate of 6 per cent. on the matured weekly payments, making the amount due him on the matured payments, at the time of the trial, $212.33, and the sum of $5.19 per week for the unexpired time of 360 weeks. One-third of the award to appellees is decreed to White & Yarborough, under their contract as attorneys.

Appellant contends, by appropriate assignments of error and propositions of law, that the judgment in favor of Dan Williams should be reversed and rendered in its favor. This contention is based on the ground that no claim for an award was presented by Dan Williams to the Industrial Accident Board previous to the making of the award by such board, as required by section 4a of article 8307 of the Workmen's Compensation Law. This section is mandatory that a claim for compensation must be made within the period of six months after the death of the deceased, in order that a claim for compensation may be considered by the Industrial Accident Board, and also in order that the court, to which the case is appealed, may be given jurisdiction to render a judgment in favor of the plaintiff. Texas Employers' Ins. Ass'n v. Nelson (Tex. Civ. App.) 292 S. W. 651. It necessarily follows that, if the Industrial Accident Board awarded statutory compensation for the death of deceased in favor of Dan Williams, without a claim having been presented either by Dan Williams or some one in his behalf, such award was void for want of jurisdiction of the Industrial Accident Board; and the judgment in favor of Dan Williams, rendered by the trial court, is likewise void for want of jurisdiction. Does the record in this case show the existence of such jurisdictional fact? If it does not, then the judgment in favor of Dan Williams must be reversed and rendered in favor of appellant.

It is agreed that, within 30 days after the death of Quincy Williams, the employer had notice of his death. The undisputed evidence shows that appellees, parents of deceased and the sole beneficiaries under the law, were divorced previous to the fatal accident; that Mrs. Williams was living in Dallas, and Dan Williams was living in Missouri; that four days after the fatal accident appellees visited the offices of their attorneys in this case, and that each appellee entered into a separate written contract with the attorneys to present and prosecute their claims for compensation, under the Workmen's Compensation Law; that on this occasion Dan Williams executed an assignment of his claim to Marguerite Williams; that Marguerite Williams at once prepared a formal claim for the entire amount of the compensation that the law allows to beneficiaries, and mailed same on such date to the Industrial Accident Board, and accompanied the claim with another instrument, in the form of an affidavit, showing that she was divorced from Dan Williams, the father of deceased, and presented a claim for a lump sum payment.

It thus appears that the Industrial Accident Board is presented with a claim for the entire statutory allowance by one of the beneficiaries, but is given notice that the other beneficiary is living. As shown above, the claim for compensation signed by Mrs. Marguerite Williams also informs the Industrial Accident Board that such claim for compensation "is made in behalf and for each and all of the legal beneficiaries of deceased, as well as by and for the undersigned," and further that she is acting for herself and for the

other beneficiaries. The only other beneficiary is Dan Williams, the divorced husband, and the fact that he is a beneficiary is made known to the Industrial Accident Board by the claim, and accompanying affidavit, of Mrs. Marguerite Williams.

Under the law, Mrs. Williams could only be adjudged one-half of the statutory amount of compensation for the employee's death. She claimed, however, the entire amount for herself, on the ground that she and the father of deceased are divorced, and that she has never married. This fact of a divorce in no way affects the right of Dan Williams to one-half of the compensation. Mrs. Williams informed the board, in legal effect, that the claim presented for the entire compensation was not made solely in her own behalf, but was made also for any other beneficiaries that might be entitled to a part of the compensation. In this case, the only other beneficiary is Dan Williams, the father of deceased; hence there was also presented a claim in his behalf.

The Industrial Accident Board acted on this claim and allowed the entire compensation, one-half to Marguerite Williams and one-half to Dan Williams. We hold that, under this statute, the Industrial Accident Board was given jurisdiction to determine the entire claim for the death of the employee, Quincy Williams, and to apportion the entire claim between the statutory beneficiaries, in whose behalf claims had been filed, and the contention that the Industrial Accident Board did not have jurisdiction over the claim of Dan Williams is overruled.

Appellee, Mrs. Williams, appealed from the award because she was not allowed a lump sum payment, and further because she was not allowed the entire award, as shown by the cross-action presented in the suit filed by appellant. Appellant's petition makes both appellees defendants in such suit. Answering as defendants, both appellees joined in the allegations urging that Mrs. Williams should be allowed the entire compensation, based on the assignment of Dan Williams of his right as a beneficiary to Mrs. Williams. As we have seen, appellant presented special exceptions to this portion of appellees' cross-action, and the court sustained such special exceptions; whereupon appellee Williams, in his own behalf, filed a trial amendment, in which he asked, in effect, that the award to him by the Industrial Accident Board be made the judgment of the trial court. This pleading was not a cross-action, but an answer to appellant's suit.

No cross-assignment of error, because of the ruling of the court, in respect to the right of Williams to assign his claim to Mrs. Williams, is made by appellees, and that question is not before this court. The trial court evidently based such ruling on the following paragraph of section 3 of article 8306: "All com-pensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void." The assignment in question does not come within any of the exceptions referred to in the provision of this statute.

The effect of the pleading of the cross-action is that appellees were insisting that appellant be adjudged to pay the entire statutory allowance for both appellees to Mrs. Williams, because of the assignment of Dan Williams of his claim to Mrs. Williams. When the court held that such assignment is void, then Dan Williams, through his trial amendment, asserted that he be allowed the same award as made by the Industrial Accident Board; in other words, that the claim of appellant in respect to his award be denied. Our holding as to the jurisdiction of the Industrial Accident Board also applies to the jurisdiction of the district court.

Independent of anything shown by the claim and affidavit filed by Mrs. Williams, appellees contend that the evidence of their attorney raises an issue of fact as to whether actual notice was given to appellant in behalf of Dan Williams prior to the award by the Industrial Accident Board. The issue of fact made by the evidence in this respect is a disputed issue, submitted to the jury by the court, and a finding on this issue, favorable to appellees, was made by the jury.

While an attorney for appellee was discussing the issue as to whether a claim for compensation for Dan Williams was made in compliance with section 4a of article 8307, R. S., as submitted in special issues Nos. 3 and 4, in his opening speech, he made the following argument to the jury: "About the only question to be answered by you is whether claim was made by Dan Williams, and if claim was not made it will permit this insurance company to keep from paying one-half of the compensation." Then, in the closing argument to the jury, the attorney said: "Gentlemen of the Jury: The award of the Industrial Accident Board is not in evidence. It was objected to by plaintiff (appellant). Dan Williams was satisfied with what the Board awarded him. The insurance company was the one that was dissatisfied."

Each of these arguments was excepted to by counsel for appellant, and the court, in each instance, instructed the jury to disregard the argument.

Such arguments have been held to be improper, especially when a case is submitted to a jury on special issues. Fidelity Union Casualty Co. v. Cary (Tex. Com. App.) 25 S.W.(2d) 302; McFaddin v. Hebert, 118 Tex. 314, 15

S.W.(2d) 213; Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091. The trial court did all in his power to destroy the effect of such argument by instructing the jury to disregard same. It is not believed that the prejudicial effect of the argument on the jury could be removed by the instruction of the trial court to disregard same.

However, as we have construed the claim filed before the Industrial Accident Board to show that, as a matter of law, a claim was presented to such board in behalf of Dan Williams, the prejudicial error in the argument becomes immaterial, and we therefore overrule the assignments of error in this respect.

All assignments of error not specifically discussed have been examined and are overruled. It necessarily follows that, in our opinion, the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.