## SOUTHERN UNDERWRITERS v. ALVIDREZ et al.

### No. 3942.

Court of Civil Appeals of Texas. El Paso.

April 25, 1940.

Rehearing Denied May 16, 1940.

Jones, Turney, Hardie, Grambling & Howell, of El Paso (Henry D. Akin, of Dallas, of counsel), and Will R. Saunders, of Dallas, for plaintiff in error.

Frank J. Galvan, Jr., and Lea & Edwards, all of El Paso, for defendants in error.

PRICE, Chief Justice.

Southern Underwriters prosecutes this appeal by writ of error to review the judgment of the District Court of El Paso

County in an action to set aside an award of the Industrial Accident Board in favor of defendants in error. The judgment assailed awards to defendants in error compensation at the rate of $8.31 per week, for 360 weeks, and one-third of which recovery is awarded to the respective attorneys for defendants in error. The judgment further provides that $175 of the compensation awarded be paid to Kaster & Maxon for the burial of the deceased workman, Reyes Alvidrez.

The facts involving liability are few, simple and practically undisputed. At all relevant times here involved plaintiff in error had in effect a workmen's compensation policy covering the employees of the El Paso Refining Company in the plant of that concern in the City of El Paso. On May 6, 1936, Reyes Alvidrez, an employee of the El Paso Refining Company, while acting in the scope of his employment, was killed by an explosion occurring when he was seeking to charge an oxygen drum in the plant of his employer. Mr. Alvidrez left surviving him his wife, Mrs. Ricarda Alvidrez, Dolores and Maria Alvidrez, daughters, Reyes and Roberto Alvidrez, sons, and another daughter, Maria de Socorro Alvidrez, a minor, residing in Mexico. Mrs. Alvidrez gave due and requisite notice to plaintiff in error, and thereafter, on the 29th day of May, 1936, filed claim for his death with the Industrial Accident Board. In this claim the beneficiaries are set forth as those hereinbefore named as surviving deceased Alvidrez, except Maria de Socorro Alvidrez is 'not specifically named as such. In the claim filed is the following: "This claim for compensation, with respect to such injury and because of the death of deceased, is made in behalf of and for each and all of the legal Beneficiaries of the deceased, as well as by and for the undersigned, he herein acting for himself and such legal Beneficiaries."

Upon hearing, the Board denied the claim of Roberto, Reyes and Maria (not Maria de Socorro Alvidrez), and allowed the claim of Mrs. Alvidrez and Dolores at the compensation rate of $8.31 per week, dividing same equally between the two said compensation claimants.

Plaintiff in error gave notice of dissatisfaction with the award, and in due time filed suit to set same aside. In this suit Mrs. Alvidrez and Dolores were made defendants.

Now from here on the procedure becomes somewhat more complicated. Suffice it to say, that the plaintiff in error dismissed its suit. The defendants in the suit filed cross-action seeking to recover under the Workmen's Compensation Act, Vernon's Ann.Civ.St., art. 8306 et seq.; plaintiff in error filed many and various pleas to the jurisdiction and in abatement, which were all overruled by the court. During the course of the proceeding Maria de Socorro Alvidrez, acting through her next friend, Eugene Edwards, Esq., asked and was granted leave to intervene. She averred in substance that she was a minor dependent daughter of deceased Reyes Alvidrez, and sought compensation on account of the death of her father.

To this plea of intervention of Maria de Socorro plaintiff in error filed a plea to the jurisdiction, setting up its notice and appeal from the Industrial Accident Board, its filing of suit, and that the defendants, nor either of them, gave notice of their unwillingness to abide by the ruling and decision of the Board, and were relying solely upon the notice given by plaintiff in error to said Board, and hence the court had not acquired jurisdiction of the subject matter or the parties.

We think that all matters of merit arising in this appeal will be disposed of by discussing three matters presented by plaintiff in error: First, as to the jurisdiction of the court in the matter of the intervention of Maria de Socorro Alvidrez; second, as to error assigned in the matter of the court's charge on the burden of proof; and, third, as to the sufficiency of the evidence to sustain the compensation rate.

In regard to the jurisdictional question, as we have heretofore shown, Maria de Socorro was not specifically named in the claim filed by Mrs. Alvidrez. The general clause in the claim has been set forth. We think the court had jurisdiction in the premises over the claim asserted by the intervention of Maria de Socorro Alvidrez; that likewise there was jurisdiction over the claims of the two defendants. Texas Employers' Ins. Ass'n v. Williams, Tex.Civ.App., 57 S.W.2d 218; Lloyds Casualty Co. v. Meredith, Tex.Civ.App., 63 S.W.2d 1051; Traders & General Ins. Co. v. Boysen, Tex.Civ.App., 123 S.W.2d 1016, writ dismissed. The filing of the claim gave jurisdiction over the subject matter. The other claimants

mentioned in the claim before the Board not being made defendants nor having appealed in their own right, the action of the Board as to them has become final.

The issues as formulated by the court placed the burden of proof in the usual and customary manner. To each of the sixteen issues submitted plaintiff in error interposed the following objection: "Cross-defendant, The Southern Underwriters, further objects and excepts to Special Issue No. ———, as submitted, because the same does not furnish any guide or direction as to whom the burden of proof is on, and equally places upon the cross-defendant, The Southern Underwriters, the burden of establishing the negative of such issue, to its detriment and prejudice, and constitutes a charge upon the weight of the evidence."

The concluding paragraph of its exceptions is as follows: "Cross-defendant, The Southern Underwriters, further objects and excepts to the main charge of the court on the burden of proof because it points out and accentuates and directs to the jury the legal effect of their answers, and especially with reference to the cross-plaintiff recovering as against this cross-defendant, The Southern Underwriters."

■ The exception last quoted appears as a part of plaintiff in error's statement under its proposition. The exception first quoted does not so appear. The exception relied upon is addressed to the main charge. In the main charge there is no charge on the burden of proof. By supplemental charges one and two the court met the objection sixteen times made in the exceptions, and did give a charge specifically placing the burden of proof on intervener and cross-plaintiffs. Here the position is that the issues as formulated in the main charge were sufficient as to the burden of proof. This was not the position in the trial court. If the supplemental charges were erroneous, and we think such is the case as to defendants in error, it presents, we think, a case of invited error. Plaintiff in error induced the court to adopt its theory and then excepted thereto. We are of the opinion 'that it is in the same position as though it had specifically requested the supplemental charges. Be that as it may, the error was harmless. In reality there was

but one contested issue in this case: that was as to the compensation base. A charge that the burden was on defendants in error could in no way have harmed plaintiff in error in informing the jury as to the legal effect as to their answer.

The purpose of the whole proceeding was a recovery. It would have been impossible for the court to have concealed from the jury that the extent of this recovery depended on a determination of the average weekly wages of Alvidrez.

■ The jury found, in substance, that Reyes Alvidrez worked for his employer, the El Paso Refining Company, in the employment in which he was engaged at the time of his death for substantially the year elapsing next prior to his death; that his average daily wage was $2.40 per day. No complaint is made other than has been before indicated to the form of the issues submitting the facts as to the compensation base. The testimony of Mrs. Alvidrez, although somewhat confusing, sustains the finding of the jury. She was in a position to know the earnings of her husband, if her testimony was true; it was her habit to collect his pay. The verdict does not literally follow the testimony of Mrs. Alvidrez. However, the jury are the judges of the testimony, and it was their province to reconcile any apparent conflicts in same. Part of the time at least Alvidrez was working for his employer on the repair and maintenance of the plant when it was closed down and not running.

The books of the El Paso Refining Company had been destroyed prior to the trial—how and in what manner does not appear. Plaintiff in error offered in evidence a paper or memorandum purporting to have been taken from the books of that Company by its agent showing the wages of Alvidrez from May 4, 1935 to May 6, 1936. The purported memorandum showed wages aggregating $440. Jerome Owen testified that the memorandum had been made in his presence and correctly showed the book entries with reference to the wages of Alvidrez; that he had been bookkeeper for the El Paso Refining Company from some time early in 1936 until it closed, and that he kept the books correctly. J. W. Hunt testified he was succeeded by Jerome Owen as bookkeeper; that during the time he kept the books

same were correctly kept. The correctness and accuracy of the memorandum was not further verified. That it was the identical memorandum made by plaintiff in error's agent is verified only by the testimony of Jerome Owen. The memorandum is dated May 8, 1936; it bears the file mark of plaintiff in error purporting to show it was received May 5, 1936. All of the evidence shows Alvidrez was killed May 6, 1936. The witness Owen stated that the wages of Alvidrez would run from nine to twenty dollars per week, depending on how many days in a week he worked. The maximum weekly wage shown by the memorandum for any one week during the year was $15.60. This was for the week from April 25th to May 1st, 1936. The El Paso Refining Company had four or five employees. It may be the jury thought the recollection of the witness was more accurate than the purported memorandum made by another, and that he was mistaken in his statement that the memorandum was correctly made.

Under the record we cannot say that the jury were not warranted in making the findings assailed. It was their province to pass on the facts, and in doing this to weigh and appraise testimony. It is our opinion that a case is presented of a conflict in testimony as to which the finding of the jury must be respected.

One other matter should be mentioned. It is asserted that the court erred in awarding Kaster & Maxon the sum of $175 for funeral expenses over and above the compensation awarded. Under our understanding of the record such proposition is not sustained thereby. If we understand the judgment of the trial court, the amount to be paid Kaster & Maxon was to be taken from the amounts recovered by defendants in error. Alvidrez was killed May 6, 1936; the judgment was rendered October 8, 1938; the compensation rate was $8.31 per week; at the date of the judgment $1,047.06 had matured, together with $77.68 interest on delinquent installments; judgment was for this amount, as follows: Mrs. Alvidrez and attorneys, $474.88; Dolores and her attorneys, $237.43; Maria de Socorro and her attorney, $237.43; Kaster & Maxon and their attorney, $175.00. The aggregate of these amounts is the aggregate of the matured installments, with interest.

We find no reversible error in the case. The judgment is affirmed.