**TEXAS EMPLOYERS' INS. ASS'N v. DAVIS.**

**No. 12130.**

Court of Civil Appeals of Texas. Galveston.

Feb. 9, 1950.

Rehearing Denied March 9, 1950.

Royston & Rayzor, of Houston, Robert Eikel and E. D. Vickery, of Houston, of counsel, for appellant.

Mandell & Wright, of Houston, Arthur J. Mandell, of Houston, of counsel, for appellee.

MONTEITH, Chief Justice.

This appeal in a workmen's compensation suit was brought by appellee, Elnora Richard Davis, to set aside an award of the Industrial Accident Board of the State of Texas denying her claims for benefits as a dependent adult child of Mose Richard who sustained fatal injuries on July 8, 1947, in the course of his employment with the Southern Stevedoring Company, Inc., who carried compensation insurance with appellant, Texas Employers Insurance Association.

A jury found, in substance, in answer to special issues submitted, that, at the time of appellee's birth, Mose Richard and her mother, Julia Richard, were living together in Louisiana as husband and wife and that they believed that they were legally married, and that appellee was a dependent of Mose Richard at the time of his death. A lump-sum settlement was found to be proper. Judgment was entered by the trial court in accordance with the verdict.

The record reflects that on July 11, 1947, three days after the death of Mose Richard, appellee admitted in an affidavit sworn to by her that there were no children dependent for support upon Mose Richard at the time of his death and on July 14, 1947, she stated in another affidavit that she had married in 1943 and that her father had not made regular contributions to her support since that time, but that when she needed money he would send it to her. On August 12, 1947, appellee and her sister, who was not a party to this suit, executed and filed affidavits with the Industrial Accident Board in support of appellee's claim for compensation benefits in which they stated that appellee was not a dependent of the deceased.

Both appellee and her sister testified in the trial court that the wording of the af-

fidavit which was submitted to the Industrial Accident Board in support of appellee's claim for compensation benefits was suggested by appellant's District Claim Manager who tendered his assistance in preparing the forms and affidavits to be submitted to the Industrial Accident Board, and that they did not read either the forms or the affidavits that they signed. They testified that the affidavits signed by them did not represent the facts as they existed and that appellee was dependent upon her father for support at the time of his death.

■ Appellant relies for relief upon six points of assigned error. Under its first point, it assigns error in the action of the trial court in permitting appellee to testify in this action that she was a dependent of the deceased for the alleged reason that she was bound by the admission that she was not a dependent made by her in the proceedings before the Industrial Accident Board.

This contention cannot, we think, be sustained under the rule announced in the case of Postal Mutual Indemnity Co. v. Penn, Tex.Civ.App., 165 S.W.2d 495, 497, (error refused, w. o. m.), in which the precise question here presented was decided by the court contrary to appellant's contention. In that case, the court in its opinion said: "The testimony of appellee was contradicted by statements he had made about dependency in an affidavit when the money was advanced by appellant to pay the funeral expenses of A. T. Penn, but where a witness contradicts his former testimony it is the province of the jury, and not the court, to determine whether the first or last testimony is true." Citing the cases of Pritchard Rice Milling Co. v. Ellis et al., Tex.Civ.App., 266 S.W. 233; and Texas Employers' Ins. Ass'n v. Herron et al., Tex.Civ.App., 29 S.W.2d 524.

, ■ Under its second point of error appellant contends that, since appellee sought compensation in this action as a dependent adult child of Mose Richard, deceased, the burden was upon her to both allege and prove that she was the sole surviving dependent or beneficiary of the deceased and that there were no beneficiaries of a higher

statutory qualification that survived the deceased. Appellant contends that appellee failed to either allege or prove these facts and that the court erred in overruling its motion for a directed verdict or for judgment non obstante veredicto. This contention cannot, we think, be sustained.

There is sufficient evidence in the record to establish that two children, appellee and her sister, survived Mose Richard, deceased, and appellee introduced evidence to establish that, for a number of years, Mose Richard had a wife and two children. Ed Harris testified that he had worked with the deceased and had written letters for him to his two daughters. There is no evidence in the record that Mose and Julia Richard had other children.

Appellee's sister, who did not appeal from the adverse award of the Industrial Accident Board, cannot hereafter assert a claim which has been denied by the Board, and there is no evidence in the record of other persons who may hereafter assert claims as beneficiaries under the Compensation Act. Vernon's Ann.Civ.St. art. 8306 et seq. Western Casualty Co. v. Hunt, 5 Cir., 69 F.2d 129, certiorari dismissed 293 U.S. 530, 55 S.Ct. 207, 79 L.Ed. 639; Southern Underwriters v. Alvidrez, Tex. Civ.App., 140 S.W.2d 355, error refused.

Appellee plead that she was the daughter of Mose Richard, deceased, that, at all times material hereto, she was a dependent within the meaning of the Texas Workmen's Compensation Act, and that she was, therefore, entitled to receive and be paid the Workmen's Compensation Insurance benefits claimed by her.

■ Under its third point of error, appellant contends that, in order for appellee to be entitled to the benefits under the Workmen's Compensation Act claimed by her, she must have alleged and proved that she was a legitimate child of Mose Richard, deceased, in addition to proving that she was dependent on the deceased for her support at the time of his death. Appellant contends that there is no proof of the marriage of appellee's alleged parents in Louisiana, and that there is no legally sufficient evidence in the record

that appellee is a legitimate child of the deceased. This contention, we think, must be overruled. There is, we think, sufficient evidence in the record to support the jury's finding that appellee was the recognized and acknowledged daughter of the deceased and that Mose and Julia Richard were married in or around Crowley, Louisiana, and that they believed that they were married at the time of appellee's birth. · No evidence was introduced by appellant to overcome the evidence of this marriage or the presumption of the appellee's legitimacy.

It is well settled in this State that the law does not require an acknowledged and conceded child to prove a marriage to maintain its legitimacy. 3 R.C.L. 725, Clover et al. v. Clover et al., Tex.Civ.App., 247 S.W. 300, error refused.

In the early case of Nixon v. Wichita Land & Cattle Co., 84 Tex. 408, 19 S.W. 560, the court in its opinion held that every intendment of law is in favor of matrimony and that when a marriage has been shown in evidence, whatever the form of the proofs, the law raises a presumption of its legality, not only casting the burden of proof upon the party objecting, but requiring him throughout and in every particular plainly to make the fact appear that it is illegal and void.

There is ample evidence in this record to raise the presumption of the marriage of Mose and Julia Richard and of the fact that Mose Richard recognized appellee as his daughter. In the absence of evidence to the contrary, the presumption of appellee's legitimacy must prevail.

Under appellant's fourth point, it assigns error in what is claimed to be improper argument to the jury by appellee's counsel. The particular statement complained of is: " * * * Elnora Davis, by giving you an example, was not raped, she was seduced in a nice, sweet, kind way." In his brief, appellee's counsel states that he intended by the argument to tell the jury that appellee had been tricked rather than compelled into giving an untruthful statement and that such an explanation is properly inferable from the evidence. In explaining why she made a statement claimed to be untruthful in an affidavit submitted in a hearing before the Industrial Accident Board, appellee testified that two days after her father's death appellant's Claims Manager filled out the forms for her and her sister to be forwarded to the Industrial Accident Board. She claimed that they signed the forms prepared by him without reading them.

While appellee's counsel might have used more appropriate and probably less offensive terms in expressing his opinion of the actions of appellant's Claims Manager, the argument is, we think, not calculated to injure or prejudice appellant's case. The courts of this State have uniformly held that the question of whether an argument is calculated to prejudice or injure a party is addressed to the sound discretion of the trial court with which a reviewing court will not interfere unless it is apparent that the trial judge has abused this discretion. Thornburg et al. v. Mansky et al., Tex.Civ.App., 219 S.W.2d 720.

Our courts have further held that "Matters concerning the decorum and dignity of a trial court must be left to its sound discretion which will not be disturbed unless abuse is clearly shown." Williams v. Merchant Fast Motor Lines, Tex.Civ.App., 214 S.W.2d 307, 311.

Under its fifth point, appellant assigns error in the refusal of the trial court to permit the intervenor, the State of Texas, acting by and through the Industrial Accident Board, to read its pleadings or to make its presence known to the jury.

The State of Texas, through the Industrial Accident Board, intervenor, sought to recover a portion of the proceedings of this action on behalf of the Second Injury Fund created under the Workmen's Compensation Law for the purpose of paying compensation to employees who sustained a second injury. The question presented under this point of error has been decided contrary to appellant's contention in the case of Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, 813. In that case the State of Texas was an intervenor on behalf of the Highway Department. The

Supreme Court in its opinion said " *  *  * It is settled in this jurisdiction also that it is the correct practice in suits to recover workmen's compensation, not to permit evidence to go before the jury in any form that the industrial accident board refused or allowed the claim for compensation, or the amount of its award, if any.  *  *.  *." Citing the case of Bransford v. Pageway Coaches, 129 Tex. 327, 104 S.W.2d 471.

We have carefully considered all other points of error presented by appellant, and, finding no reversible error, the judgment of the trial court is in all things affirmed.

Affirmed.