TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,

v.

Clifton WEBER, Appellee.

No. 11255.

Court of Civil Appeals of Texas.

Austin.

Jan. 13, 1965.

Rehearing Denied Feb. 3, 1965.

**836**

Groce, Hebdon, Fahey & Smith, Edward P. Fahey, San Antonio, for appellant.

Byrd, Davis & Eisenberg, Austin, O. T. Moore, Jr., Lockhart, for appellee.

PHILLIPS, Justice.

This is an appeal from a judgment on a jury verdict granting appellee compensation for an injury received while in the course of his employment for C. E. Purcell; that such injury was the producing cause of appellee's total and permanent incapacity. The suit was brought under the Workmen's Compensation Law, Art. 8306, Vernon's Ann.Civ.St. There is no contention here that these issues were not fully supported by the evidence and these findings are unchallenged.

Mr. C. E. Purcell, the employer in this case, was in the oil well servicing business. This consisted of servicing oil wells, lease work and oil field work in general. It was in this business that appellee worked as a roustabout and a member of a well servicing crew.

Purcell also owned a farm and had a hired man who lived and worked on the farm.

On the date appellee was injured, Purcell had his well servicing crew go to his farm and connect sections of 7 inch oil field pipe which were 20 feet in length. The pipe consisted of regular oil field casing which was heavy enough to either be dragged by a tractor or to require four men to lift each length. The pipe was being installed to irrigate crops on the farm.

Appellee had been lifting the casing all morning and screwing the pipes together. Around noon he told another crew member that he had hurt his back. Appellee's claim of total and permanent incapacity results from this injury.

Appellant contends under his first two points of error that appellee was laying pipe on a farm at the time that he was injured; that he is not covered by the Act because of Section 2 thereof providing that:

"The provisions of this law shall not apply to actions to recover damages for personal injuries nor for death resulting from personal injuries sustained by domestic servants, farm laborers, ranch laborers * * *"

We overrule these points.

■ The law of this State is that the nature of the business in which the employee is hired to work and the duties he regularly performs are the controlling tests and not the specific activity he is engaged in at the time of his injury.

Thus the law looks to the over-all nature of the claimant's duties disregarding temporary departures from that class of duties even if the injury occurs during one of the departures. Safety Casualty Co. v. Gray, Tex.Civ.App., 67 S.W.2d 1057, writ. dism.; Texas Indemnity Ins. Co. v. Smith, Tex. Civ.App., 73 S.W.2d 578.

Appellant has cited the Court of Civil Appeals' decision in Georgia Casualty Co. v. Hill, Tex.Civ.App., 30 S.W.2d 1055, wherein the claimant generally working as a nurseryman was killed as he walked across a highway leading a heifer to be bred. The Court held that while at this temporary departure the claimant was excluded under the farm laborer provision. The Commission of Appeals in affirming the decision of the Court of Civil Appeals, Hill v. Georgia Casualty Co., 45 S.W.2d 566, held that the nursery employment of claimant was also that of a farm laborer and stated:

"The only question presented for decision relates to the asserted right of Mrs. Hill to recover compensation, under the Workmen's Compensation Law, for the injury and resulting death of her husband. This calls for consideration of the character of work which James M. Hill was required to perform *in fulfillment of his employment contract;* and whether or not, *under that contract,* he was such an 'employee' as comes under operation of the statutes." (Emphasis added)

Appellant emphasizes the fact that appellee was paid by the day for the work he performed, consequently he was a farm laborer while laying pipe on the farm on the day that he was injured. We cannot agree and again look to the type of work for which he was generally employed.

It would serve no useful purpose to discuss the cases from jurisdictions other than Texas cited by appellant as they fall into two general categories, viz. those where the statutes involved are different from the Texas statute, and those where the claimant was held by the courts to have been generally engaged in an agricultural pursuit.

We hold that under the above facts appellee was not a "farm laborer" under the statute in question.

Appellant's third point of error is that of the court in overruling appellant's objection to the introduction of plaintiff's (appellee) Exhibit No. 2, being the Carrier's Notice of Hearing and Statement before the Industrial Accident Board.

At trial appellant denied that appellee had sustained an injury while in the course of his employment or that he suffered any total incapacity.

The trial court admitted into evidence the following provisions of the "Carrier's Notice of Hearing and Statement" which was sworn to by an agent of the appellant:

"1. The principal issue before the board is: Extent of disability.

"3. Employee was totally disabled from March 29 to May 20 of 1963."

Appellant objected to the introduction of this evidence in that it was a matter filed before the Industrial Accident Board in the case; that there was an appeal from the award of the Board, and the statute provides "that most of these instruments are not admissible in evidence during the trial, and that they are for the Board's information up there; second there is no statement that I can find that could be used as evidence, and, if it is offered as impeachment, I don't know of anything that can be impeached by it."

The court overruled the objection and admitted the limited statements set out above.

■ Appellant insists that the introduction of these statements is prohibited by Article 8309, Section 5, which provides:

"The reports of accidents required by this law to be made by subscribers shall not be deemed as admissions and evidence against the association or the subscriber in any proceedings before the board or elsewhere in a contested case where the facts set out therein or in any one of them is sought to be contradicted by the association or subscriber."

Sec. 5 of Article 8309 refers to the subscriber's or employer's report. The portion of the report objected to here is the Carrier's Statement which was voluntarily filed before the Board. We have been cited no statutory prohibition against the admission of the Carrier's Statement. Appellant cites Texas Employers Insurance Association v. Shiflet, Tex.Civ.App., 276 S.W.2d 942, writ refused, n. r. e., wherein the admission of certain portions of the Carrier's Report was held to be error. Shiflet is not in point here as the portions of the Carrier's Report in question included portions of a medical report that were hearsay and probably prejudicial.

Appellee introduced the report for the limited purpose of showing that on a prior occasion an authorized agent of the appellant had stated under oath that the appellant was not contesting the fact that appellee had sustained an accidental injury in the course and scope of his employment, and was admitting that he was totally disabled from March 28, 1963 to May 20, 1963, positions wholly inconsistent and directly opposed to the position appellant was taking at the trial of the case.

■ The cases hold that assertions or statements made by claimants filed before the Industrial Accident Board are admissible where they are in conflict with the position taken at trial. Parker v. Traders & General Insurance Company, Tex.Civ. App., 366 S.W.2d 107, reversed in part, 375

S.W.2d 714, Sup.Ct.; Texas Employers Ins. Ass'n v. Davis, Tex.Civ.App., 228 S.W.2d 257. We can see no reason why an insurance carrier should not be subject to the same rule when its prior statements are inconsistent with the position taken at trial. We overrule this point.

The judgment of the trial court is affirmed.