**HARDWARE DEALERS' MUTUAL FIRE INSURANCE COMPANY, Petitioner,**

v.

**Agnes L. KING, Respondent.**

**No. B–24.**

Supreme Court of Texas.

March 20, 1968.

Akin, Vial, Hamilton, Koch & Tubb, James A. Knox, Arthur M. Albin, Dallas, for petitioner.

Gordon Wellborn and Rex Houston, Vaughan O. Stewart, Henderson, for respondent.

CALVERT, Chief Justice.

The motion for rehearing filed herein by respondent is granted; the judgment entered on November 29, 1967, is set aside; the opinions filed on that date are withdrawn, and the opinion and judgment set out below are substituted.

This is a workman's compensation case. The case was tried to a jury and judgment was rendered upon the jury's verdict awarding the respondent-employee, Agnes King, a recovery of compensation benefits. The court of civil appeals affirmed. 408 S.W.2d 790. We reverse the judgments of the courts below and remand the cause to the trial court for retrial.

By way of special defense to Mrs. King's suit, Hardware Dealers Mutual Fire Insurance Company, the insurance carrier, pleaded that Mrs. King was not an employee of Musser Motors, Inc., its assured, *at the time and on the occasion of her injury,* but was a domestic servant of an officer of the corporation.[1] Domestic servants are excluded from coverage afforded by our Workmen's Compensation Act. Article 8306, Section 2, Vernon's Ann.Tex. Civ.Stats.

The case was submitted to the jury on special issues. In answer to Special Issues Nos. 1 and 2, the jury found that Mrs.

---

1. Emphasis ours throughout unless otherwise indicated.

King sustained an accidental injury on May 6, 1964. Special Issue No. 2–A inquired, "Do you find from a preponderance of the evidence that Agnes King was not hired or retained by Musser Motors, Inc. as a domestic servant?" To this issue, the jury answered, "She was not hired or retained by Musser Motors [as a domestic servant]." In answer to Special Issue No. 2–B, the jury found that on the date of her injury Mrs. King was an employee of Musser Motors, Inc. Special Issue No. 2–C inquired, "Do you find from a preponderance of the evidence that such injury, if any, was sustained in the course of her employment with Musser Motors, Inc.?" In connection with this issue the court instructed the jury as follows: " 'Injury sustained in the course of employment,' as used in this charge is meant all injuries of every kind and character, *having to do with or originating from the work, business, trade, or profession of the employer,* received by the employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere." The jury answered this issue, "Yes."

Hardware has presented only one point of error on appeal as a basis for its contention that the judgment of the trial court should be reversed and judgment should be rendered that the plaintiff take nothing. The point of error as stated in Hardware's brief in the court of civil appeals is as follows: "The error of the Court in entering judgment for the Appellee and overruling Appellants' amended motion for a new trial because there was no evidence to support the jury's finding that the Appellee was not hired or retained as a domestic servant." We treat this point of error as stating that the trial court erred in entering judgment for Mrs. King because the evidence establishes conclusively that she was hired or retained by Musser Motors as a domestic servant. As thus restated, the question presented is whether the trial court erred in entering judgment for Mrs. King if the evidence shows conclusively that Mrs. King was hired or retained by Musser Motors as a domestic servant. We hold that it did not.

Examination of the trial court's charge as a whole clearly indicates that it was tried on the theory that the terms of Mrs. King's contract of employment with Musser Motors was determinative of her right to compensation benefits; that if Mrs. King was "hired or retained" as a domestic servant, she was not entitled to compensation benefits, but that she was entitled to benefits if she was "hired or retained" as an employee of the business establishment. Special Issue No. 2–A speaks only to Mrs. King's *contract of employment;* it does not speak to the particular type of work in which she was engaged at the time of her injury.

The evidence shows that Mrs. King was employed by Musser Motors some eight or ten years prior to the trial of this case. The evidence in the record, which we need not detail, establishes conclusively that Mrs. King was "hired or retained" by Musser Motors in two capacities, as a domestic servant in the homes of officers of the company and as a janitress at the company's place of business. If we substitute for the jury's answer to Special Issue No. 2–A the answer which we have found is conclusively established by the evidence as the correct answer to the issue, that is, that Mrs. King was employed as a domestic servant and as a janitress, we yet cannot say that the answer is a sound reason for holding that the trial court erred in rendering judgment for Mrs. King. The reason we cannot do so is because the answer does not establish that she was injured while performing work in her employment *as a domestic servant.*

A person's contract of employment may provide for services in two capacities or enterprises, in one of which he is covered by the Compensation Act and in the other of which he is not covered. Tex. Emp. Ins. Ass'n. v. Derrick, 207 S.W.2d 199 (Tex.Civ.App.1947, writ ref'd n. r. e.). If

injured while performing work or services in a capacity or an enterprise covered by the Act, he may recover benefits; but if injured while performing work or services in a capacity or an enterprise excluded from coverage, he may not recover. Denny v. Dept. of Labor & Industries, etc., 172 Wash. 631, 21 P.2d 275, at 278 (1933); Maeda v. Dept. of Labor & Industries, 192 Wash. 87, 72 P.2d 1034, at 1035 (1937). See also 172 A.L.R. 382.

■ Hardware argues in this court, as it did in the court of civil appeals, that the evidence establishes conclusively that Mrs. King's injury was sustained while she was performing services in her capacity as a domestic servant. The impediment to consideration of this argument is that Hardware has no point of error to which it is reasonably related or referable. It presented a motion for instructed verdict in the trial court at the close of all the evidence on the ground that "the evidence of record conclusively establishes *that at the time of the injury* * * * the plaintiff herein was a domestic servant. * * *" The trial court overruled the motion. The action of the trial court in overruling the motion was assigned as error in the motion for new trial, but at no stage of the appeal has Hardware complained that the trial court erred in overruling the motion. If it had done so, we would have an entirely different question presented for our consideration. Not having complained of this action of the trial court, the error, if any, in overruling the motion has been waived. Moreover, as is pointed out above, the court submitted Special Issue No. 2–C inquiring, in effect, if Mrs. King's injuries originated in "the work, business, trade or profession" of Musser Motors, Inc., and Hardware did not object to its submission on the ground that there was no evidence of probative force to support its submission. Neither has Hardware presented a point of error at any stage of the appeal asserting that the jury's affirmative answer to Issue No. 2–C is not supported by evidence. Again, if it had done so, we

would have a different question for consideration. In short, even under our liberal rules for interpreting points of error in the light of arguments made under them, we do not feel justified in transposing a complaint directed at the jury's answer to one special issue into a complaint directed at action of the trial court in overruling a motion for instructed verdict or in the submission of another special issue, or at the jury's answer to such other issue. This court could not render a take-nothing judgment against Mrs. King without setting aside the jury's answer to Special Issue No. 2–C, an answer which has not been attacked by Hardware.

■ The only other action of the trial court which is complained of in this court as error is its refusal to submit Hardware's requested special issue with its accompanying instruction, which reads as follows:

"Do you find from a preponderance of the evidence, *that at the time and on the occasion in question,* the plaintiff, Agnes L. King, was not a domestic servant?

"Answer: 'She was not a domestic servant,' or 'She was a domestic servant.'

"We, the Jury answer:—————————

"Domestic Servant as used in this charge means a person who primarily is employed in and about the maintenance of a home itself. Such a person is a household servant working within the house for the upkeep thereof, and the care, comfort and convenience of the occupants thereof."

We sustain this point of error. The requested special issue does not speak to the contract of employment. It speaks to the status of Mrs. King "at the time and on the occasion" of her injury. Since the evidence establishes conclusively that Mrs. King was employed in two capacities, the crucial question in the case is, as pointed out above, whether she was injured while performing services in her capacity as a domestic servant. Perhaps the requested issue could have been better worded to frame the crucial

inquiry, but in our opinion it meets the requirements laid down by Rule 279, Texas Rules of Civil Procedure, for reversal in that it is "in substantially correct wording." Moreover, in our opinion refusal to submit the issue probably resulted in an improper judgment, and thus requires reversal of the trial court's judgment. Rule 503, Texas Rules of Civil Procedure. Hardware was entitled to have this issue submitted in clear and unambiguous language. It was obviously not so submitted in Special Issue No. 2–C.

If the evidence on a retrial of the case is the same with reference to the contract of employment, no special issue should be submitted with respect thereto since we have held that the evidence establishes conclusively that Mrs. King was employed as a janitress in Musser Motors' place of business and as a domestic servant in the homes of officers of the company. If the evidence is sufficient to take the issue to the jury, a proper special issue should be submitted inquiring whether Mrs. King was injured while performing services as a domestic servant.

The judgments of the court of civil appeals and the trial court are reversed and the cause is remanded to the trial court.

## DISSENTING OPINION

GRIFFIN, Justice.

I cannot agree that this cause should be reversed and remanded because "Hardware has no point of error" reasonably related or referable to Hardware's argument in the Court of Civil Appeals and in this Court "that the evidence establishes conclusively that Mrs. King's injury was sustained while she was performing services in her capacity as a domestic servant."

In Hardware's brief in the Court of Civil Appeals, Point No. One was:

"1) The error of the Court in entering judgment for the appellee and overruling appellant's amended motion for new trial because there was no evidence to support the jury's finding that the appellee was not hired or retained as a domestic servant." (Germane to assignment of error number 1.)

Under the heading "ARGUMENT" Hardware sets out the evidence in the trial court and says: "The question presented to this Court is whether *at the time of her injury,*[1] appellee was a domestic servant." Again, in the argument Hardware says: "It is appellant's position that even under this test [for a no evidence point] the appellee's testimony shows *that at the time of her injury,* and for a long time prior thereto, appellee was required to perform the duties of a domestic servant." Again: "Thus the evidence uncontrovertibly established that she was hired to do and regularly did duties of a domestic nature, and thus *as a matter of law* was at the time of her injury a domestic servant, and the jury's finding has no support in the evidence." Again: "It is submitted, however, * * * nonetheless, her testimony established *that at the time of her injury* she was performing the duties of a domestic servant, for which duties she had been expressly hired, and which she did regularly, and this was as a domestic servant * * * as a matter of law." Again: "It is submitted *that her work at the time of her injury is controlling* under Texas law; and *at the crucial time she was a domestic servant as a matter of law.*"

In its motion for rehearing in the Court of Civil Appeals, Hardware had set out verbatim its point of error quoted from its brief, and under this point says: "It is respectfully urged that as a matter or law, *that at the time of her injury,* the appellee was performing duties of a domestic nature and *was a domestic servant*" and excluded from recovery under the Workmen's Compensation Law.

In its application for writ of error filed in this Court, Hardware as its Second Point

1. All emphasis supplied by the writer.

of Error copies verbatim its Point (1) in the Court of Civil Appeals above set out and makes the same argument as I have quoted from its brief in the Court of Civil Appeals.

With Hardware's brief and argument in the Court of Civil Appeals and in its application for writ of error in this Court, I cannot say Hardware has *not raised* the point that *at the time of her injury* the evidence in this case shows as a matter of law that Mrs. King was working as a domestic servant. The majority states that the evidence in this case establishes conclusively that Mrs. King was hired or retained by Musser Motors in two capacities, (1) as a domestic servant in the homes of the officers of the company and (2) as a janitress at the company's place of business. If (1) is by this record "established conclusively," then the jury's answer that Mrs. King was not hired or retained as a domestic servant must of necessity have no support in the evidence. The evidence conclusively established that at the time of her injury Mrs. King *was not* working as a janitress at the Motor Company's place of business. Therefore, she was not injured while working in the industrial part of her employment contract, but in the domestic servant phase of her employment.

Not working in the industrial part of her employment at the time of her injury, she was working in the usual course of her employment under her contract of employment with Musser Motors, and the jury answer to issue 2–C was and is correct. She was injured under her contract of employment with Musser Motors to do work as a housemaid. Plaintiff contends that the answer of the jury to this issue 2–C must be set aside in order to prevent a recovery by her. The vice in this contention is that being employed by Musser Motors in two capacities, she was engaged in the usual course of her employment by Musser Motors when she was working in either capacity. The jury's answer to 2–C does not specify in which capacity she was working at the home of Mr. Musser. She can-

not recover as a housemaid; therefore, the jury's answer decides no issue material to this case. As a housemaid or domestic servant, she is not covered by the Compensation Act, although she was injured in the course of her employment with Musser Motors.

Not being injured under her employment as a janitress, she can only recover if she had been temporarily directed or instructed by Musser Motors to act as housemaid at Mr. Musser's home at the time of her injury. Art. 8309, Sec. 1, Vernon's Ann. Civ. Statutes; Oilmen's Reciprocal Ass'n v. Gilleland (Tex.Com.App.1927), 291 S.W. 197; Texas Emp. Ins. Ass'n v. Wright, 128 Tex. 242, 97 S.W.2d 171 (1936). This record establishes conclusively that plaintiff worked regularly as a housemaid and not temporarily as such.

The majority opinion now agrees with the Court's prior holding that the evidence establishes conclusively that Mrs. King was hired or retained as a domestic servant. To my mind, this settles the case so that the original disposition is the correct one. The Compensation Law very plainly and clearly excludes domestic servants from its coverage. No agreement of parties, no paying of compensation premiums can put one within the coverage who the Legislature has specifically directed shall not be covered.

The cases by this Court are legion wherein it is recognized that no technical wording or form will be required for this Court to consider an error complained of by argument and citation of authorities. In Gleason v. Davis, 155 Tex. 467, 289 S.W.2d 228, 230 (1956), quoting from Lang v. Harwood (Tex.Civ.App.1940), 145 S.W.2d 945, the court said:

"* * * It has long been the policy of this court to apply the most liberal construction in favor of the sufficiency of the brief and to give effect thereto, if it is possible for us to ascertain either from the assignment, proposition or

statement and argument the point intended to be presented thereby. * * *"

In McKelvy v. Barber, Tex.Sup., 381 S.W.2d 59 (1964), this Court recognized and discussed a contention and reversed and remanded the cause to the trial court when *no point* complaining of the error upon which remand was ordered was before the Court of Civil Appeals. This Court then said that since all parties had briefed this question in the Court of Civil Appeals and the Court of Civil Appeals had decided it, " * * * we think it should be treated as having been properly presented at the intermediate court level even though *not raised by a formal point of error* in the appellant's brief."

In Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943), this Court said:

" * * * If a 'point' is sufficient to direct the Court's attention to the matter complained of, the Court will look to the 'point' and the statement and argument thereunder to determine the question of reversible error. Simply stated, the Court will pass on both the sufficiency and the merits of the 'point' in the light of the statement and argument thereunder."

In her answer to the application for writ of error respondent sets out all of the evidence shown in the record which will sustain the jury's answer to special issue No. 1 that Agnes King was not hired or retained by Musser Motors as a domestic servant. Under her argument and authorities following this statement, respondent says: "The law of this State is that the nature of the business in which the employee is hired to work and not the duties he regularly performs are the controlling tests *and not the specific activity he is engaged in at the time of his injury."* Respondent cites Hill v. Georgia Casualty Co. (Comm. of App. 1932), 45 S.W.2d 566; Commercial Cas. Ins. Co. v. Strawn (Tex.Civ.App.1932), 44 S.W.2d 805, writ refused; Tex. Emp. Ins. Ass'n v. Weber (Tex.Civ.App.1965), 386 S. W.2d 835, writ refused, n. r. e.; Fidelity Union Cas. Co. v. Carey (Comm. of App. 1932), 55 S.W.2d 795.

The parties to this litigation in the trial court and on appeal joined issue on the question of whether or not Agnes King was hired and retained by Musser Motors as a domestic servant, and was injured while working in such capacity. The parties pitched their case on this issue. The majority recognizes that she was so hired and retained as a domestic servant, even though she was also hired and retained as a janitress at the office of Musser Motors.

In the last paragraph of the majority opinion it is stated that on a retrial of the case, if the evidence is the same with reference to the contract of employment, no issue should be submitted "since we have held the evidence establishes conclusively that Mrs. King was employed as a janitress in Musser Motor's place of business and as a domestic servant in the homes of officers of the company." Then the opinion says if the evidence on retrial raises an issue as to whether or not Mrs. King was injured while performing services as a domestic servant, such issue should be submitted. In my reading of the facts of this cause, the evidence conclusively establishes that Mrs. King was injured while working at the home of Mr. Musser. She had been working as a domestic servant at the home on the day of her injury since about 7:30 or 8:00 a. m. This fact is testified to by Mrs. King, as well as Mr. and Mrs. Musser. She suffered her injury at about 1:30 p. m. on this very day. Her work at the home of Mr. and Mrs. Musser was not of a temporary nature, but was a part of her regular job as an employee of Musser Motor Company. She was injured in this capacity, and the Compensation Law excludes her from its coverage.

The evidence, including her own, establishes conclusively that she was not covered by the Act, in that she was a domestic servant. Being a domestic servant, the Legislature has excluded her from the benefits of the Act, and no court can put her within such coverage.

I would reverse and render the case as a majority of the Court did when it handed down its original opinion on November 29, 1967.

WALKER and POPE, JJ., join in this dissent.

